## BETTIS *v.* LOGAN.

1. A copy of a record made out by an officer entrusted with the keeping of the records, will be presumed to be correct. (Note *a.*)
2. A transcript of the record of the Supreme Court, sent to the Circuit Court, containing an account of the proceedings of the Supreme Court, in a cause sent from such Circuit to the Supreme Court, is, when filed in the Circuit Court, a record of that Court; and a transcript of such transcript, made out and certified by the Clerk, is evidence of the facts therein contained.
3. Where the defendant withdrew his plea, &c., filed another plea to a new declaration which the plaintiff had leave to file, issue joined and trial—held to be an admission of jurisdiction in the Court where the proceedings were had.

### APPEAL from St. Francois Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This is an action on the case, brought by Logan against Bettis, for a malicious prosecution. It was commenced in the Circuit Court of Wayne county, thence the venue was changed to Cape Girardeau county, and from Cape Girardeau county to St. Francois county. In this last county, the declaration being found to be mutilated and defaced, the plaintiff had leave to file another declaration, and the defendant then withdrew his plea before that time filed, and pleaded again to the new declaration filed by the plaintiff. The parties then went to trial; a verdict was found for the plaintiff, and judgment was rendered thereon. To reverse this judgment, the defendant prosecutes his appeal. It appears by the bill of exceptions, that on the trial of this cause, the defendant read in evidence a record from the Circuit Court of Wayne (3) county, from which record it appears that Logan, at the October term of the year

Bettis *v.* Logan.

1824, was indicted for stealing a book of Bettis', that on motion of Logan, the indictment was quashed; that this judgment of the Circuit Court was reversed, and that Logan was prosecuted on the indictment and acquitted.

The first assignment of errors is general. Second. That the record from the Supreme Court is irrelevant to the issue between the parties. Third. The writing produced is not the best kind of evidence, but is a copy of a copy. Fourth. The declaration alledges that Logan was acquitted on trial, when by the record produced it appears that the indictment preferred by Bettis against Logan was quashed, which does not support the declaration. The record of the indictment sent from Wayne county contains so much of the record of this Court as relates to what was done here in relation to that indictment; and the declaration in this cause alledges that Logan was acquitted on a trial on said indictment. The second and fourth errors assigned seem to be but a repetition of the same thing. They will be first noticed. It is contended by the appellant's counsel, that the record does not show that the indictment preferred by Bettis was disposed of; the indictment being quashed in the Circuit Court of Wayne county, the cause was taken to this Court, and here the judgment of the Circuit Court was reversed. The cause was then remanded with the decision and determination of this Court. The Circuit Court then proceeded to the trial of Logan on the indictment, and he was acquitted. It was contended that Logan might have been tried and acquitted on another indictment, and not on that which was quashed in the Circuit Court. To this it may be answered, that the copy of the record is made out by an officer entrusted with the keeping of the records, and to whom credit is given, and it is not to be presumed, that he would send here the record of two parts of two different indictments. The third error assigned, is, that the writing produced is not the best kind of evidence, but is a copy of a copy. The transcript of the record of this Court, sent to the Circuit Court, containing an account of the proceedings of this Court in a cause sent from such Circuit Court to this Court, is, when filed in the Circuit Court, a record of that Court, and a transcript of such transcript, if made out by the Clerk, and by him certified, is certainly entitled to as much credit as a transcript of the declarations and other pleadings filed in a cause. The objection, then, that so much of the record as is a copy of the record (4) of this Court, sent to the Circuit Court is but a copy of a copy, is thought to be unfounded. In an additional brief, furnished the Court, it is also objected that there is nothing on the record to show that the Circuit Court of Wayne county was legally divested of its jurisdiction, or that the Circuit Court of St. Francois county could legally entertain jurisdiction of this cause. Although this was not assigned for error yet it will be noticed. True it is, there is very little on the record to show how the cause found its way to the docket of St. Francois Circuit Court. The only entry is this:

James Logan, plaintiff, *v.* Elijah Bettis, defendant, in case.

Change of venue from Wayne county to Cape Girardeau, and from Cape Girardeau to this county. But afterwards, the defendant withdraws his plea, and filed another plea to a new declaration which the plaintiff had leave to file. Issue was then joined, and the parties went to trial. Here is a sufficient admission of the jurisdiction of the Court; we must presume the cause was legally docketed in that Court; if not, the defendant would have probably been ignorant of its being so docketed; or if informed, he would then have objected to the jurisdiction, had he not intended to waive his objection. His appearance in that Court, and going to trial, is a waiver

of any irregularity that may have occurred.   The judgment of the Circuit Court is affirmed.

(*a.*)  See Holliday *v.* Cooper, 3 Mo. R., p. 286.