## HEMBREE *vs.* CAMPBELL.

Where the plaintiff and defendant reside in different counties, and the suit is brought in the county in which the plaintiff resides, and the summons is served upon the defendant in the county in which he resides, and he appears and pleads to the action, the illegality of the service i waived by such appearance and leading. The court having jurisdiction over the subject-matter, but not over the person of the defendant, he should, to have availed himself of the illegality of the service, have filed his plea in abatement: by pleading to the merits, he acknowledged that the court had jurisdiction of his person.—Tompkins, Judge, dissenting.

### ERROR to Dade Circuit Court.

Phelps, *for Plaintiff in Error.*

Appearance and pleading to the merits cured any defect in the service of the writ. (Whiting et al. *vs.* Budd, 5 Mo. Rep., 543; Barnet and Ivers *vs.* Lynch, 3 Mo. Rep., 261, 2d edit.) Want of service cured by appearance and defence.— Griffin and Kinote *vs.* Samuel, 6 Mo. Rep., 50.

That defendant cannot take advantage of any error or defect in the process after he has appeared to it.—1 Tidd's Practice, 91, 434.

Winston, *for Defendant in Error.*

1. The court had no right to issue either of the subsequent writs, until there had been a return of the first writ.

2. The writ which was served upon the defendant was directed to the sheriff of the wrong county, and therefore a mere nullity, and that the appearance of the said defendant did not preclude him from afterwards taking advantage of a void writ.—5 Mo. Rep., 227.

3. The plaintiff did not move the court below to set aside the judgment rendered in this cause, as he ought to have done.

4. The judgment of the court below, sustaining the motion to quash the writ, is not such a final judgment from which an appeal or writ of error will lie to this Court.

Scott, J., *delivered the opinion of the Court.*

Hembree brought an action of trover against Campbell, in the Circuit Court of Dade county. Two writs, or summons, were issued by the clerk of said court, directed to the sheriff of Dade county, the last of which was returned, "*non est inventus.*" A writ was thereupon directed to the sheriff of Polk county, which was served on the defendant, and returned. At the return term, Campbell appeared, and plead not guilty; and afterwards, during the same term, moved the court to

quash the writ, because it was improperly directed, which motion was sustained, and the suit dismissed.

The question is, whether the motion was properly sustained by the court below? The statute regulating practice at law directs, that a suit instituted by summons or capias shall be brought, when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found. It was clearly illegal for a plaintiff residing in Dade county to bring suit against a party residing in another county. But the Circuit Court of Dade county is a court of general jurisdiction; it had jurisdiction of the subject-matter of this suit; and if the defendant, being served with its process, appeared and plead to the merits of the action, thereby acknowledging its jurisdiction of his person, he would not be allowed afterwards to object to the regularity of the proceedings. When a defendant is sued in a wrong county, it is clear, under the act above-mentioned, he can, by pursuing the regular steps, defeat the plaintiff. But exceptions of this kind do not affect the merits of a controversy; they do not show that the plaintiff has no right to recover, and are no bar to the action. They then must be matter of abatement, and if such, a party who would avail himself of them must do it in time. He must do no act to acknowledge the jurisdiction of the court over his person, otherwise he will be precluded from afterwards availing himself of them. Had steps for quashing the writ been taken at a proper time, no doubt it should have been done; but after the defendant appeared and plead the general issue, it was too late to avail himself of any matter in abatement. No principle of pleading is better established, than that a plea in bar is a waiver of all dilatory matter of defence. That the matter of abatement was apparent upon the writ can make no difference. Such matters are and should be pleaded. (2 San., 209, *n.* 1.) Suppose the plaintiff had violated the above-mentioned provision of the statute, in a manner so as not to be apparent upon the writ; suppose the defendant had been sued in a county in which neither he nor the plaintiff resided — he would then have been driven to his plea of abatement, in order to show the facts, and if a plea of abatement is necessary when the provision is violated in one respect, why not when it is violated in other respects? The fact that the matter of abatement is apparent on the face of the writ can make no difference. If a party would avail himself of it, he must do it in time, and by substituting a motion (an irregular practice) for a plea in abatement, he will not be permitted to gain an advantage denied to him by a regular course of proceedings.—Wellborn *vs.* Tindall, 1 Mo. Rep., 150; Bettis *vs.* Logan, 2 Mo. Rep., 4.

Judge NAPTON concurring in this opinion, the judgment of the court below is reversed, and the cause remanded.

TOMPKINS, *Judge, dissents.*