MORRIS, Plaintiff in Error, v. PATE *et al.*, Defendants in Error.

1. The plaintiff and six others took a mortgage on land to secure a note due them by defendant Pate. At the date of the mortgage Pate had no other title to the land mortgaged except that implied in a bond for title from his vendor, and he was still indebted to the vendor for the purchase money, amounting to $640. A few days after the execution of the mortgage to plaintiff and others, Pate received a deed from his vendor, and at the same time executed to him a mortgage to secure the $640, which mortgage the vendor transferred to plaintiff for $320; and the present suit was brought to foreclose this mortgage and recover the $640. The six co-mortgagees with the plaintiff were admitted as defendants to the suit. *Held,* that the mortgage given to the vendor to secure the $640 has priority in lien over the other mortgage; and that the proceeds of sale under the foreclosure should be applied first to the payment of the $320 paid by plaintiff for the prior lien, then to the extinguishment of the debt secured by second mortgage, and the surplus paid to the plaintiff until the prior claim bought by him is extinguished.

*Error to Kansas Court of Common Pleas.*

*Prewitt & Otter,* for plaintiff in error.

I. If the mortgage to Thomas had not been made at the time the deed was, it can not be supposed that he intended to lose his lien for the purchase money when he takes the mortgage on all the land for all the debt remaining unpaid, and takes it on nothing else. If it were taken on all the land for part of the debt, or on part of the land for all the debt, then it might be inferred that he did not rely on his lien for part of the debt in one case, and in the other that he did not rely on part of the land to pay his debt. But it would be a singular anomaly in the law if a party who has a private secret lien liable to be lost by a sale to another without notice, shall be held to lose his lien by putting it in writing and placing it on record, and thereby attempting to make it more secure. (Boon v. Ewing, 17 Ohio, 500.)

II. But this case is a much stronger one, for here the vendor has the legal title in himself and never allows it to pass from him unencumbered with the lien for the purchase

money. The transaction must in effect be the same as if he had made a deed with a lien to himself in it for the debt. (4 Kent, side page, 38, 39; 4 Mass. 566; 14 Mass. 351; 1 Bay, 312; 4 Leigh, 30; 15 Pet. 21; 15 Johns. 458; Jackson v. Austin, 15 Johns. 477; 3 Wend. 233; 6 Cow. 316.)

III. Defendants' mortgage was made at a time when Pate had no title, and the title afterwards acquired by Pate could not enure to them under the statute of conveyances (§ 3), which only applies to deeds purporting to convey " an absolute estate in fee simple." (13 Mo. 365.) They never had any more than Pate's equity mortgaged to them.

IV. Plaintiff, as joint mortgagee of that equity, was not prohibited from buying the debt for the purchase money secured by a mortgage of the legal title. Defendants have no rights at law, and none in equity, until they have paid off the whole of that debt, and it is no injury to them to have to pay it to plaintiff instead of Thomas. They who ask equity must do equity. (Otis v. Sill, 8 Barb., S. C., N. Y., 102.) A mortgage is only security for a debt, (Adams Eq. 110,) and a joint owner of one security ought not to be prohibited from purchasing another debt because it is secured by mortgage on the same property. A mortgagee is not a trustee within the rule. (Hill on Trustees, side page, 538, n. 1; McNair v. Biddle, 8 Mo. 257; Corley v. Rankin, 9 Mo. 642.) The defendants by their answer and the instructions they asked, declare that plaintiff did not purchase the debt from Thomas for their benefit, but for himself. They asked to have all the proceeds of the sale applied to the payment of their debt first, because theirs is the prior lien. Now having lost that point, they can not turn round and elect to receive his act as done for their benefit. They can not say we repudiate his act if ours is the first mortgage, but will claim the benefit of it if his shall turn out to be the first.

*Hicks & Adams*, for defendants in error.

I. The plaintiff in error and defendants, being joint mortgagees of an equitable interest in the same land to secure

Morris v. Pate.

a joint indebtedness to themselves, stood in the relation of trustees for each other of the joint mortgage debt, and therefore the plaintiff in error could not purchase an outstanding encumbrance upon the legal title so as to charge the defendants with more than the amount he paid. His purchase enured to the joint benefit of himself and the defendants.

II. This was an equitable proceeding whatever the original action may have been. The only matter of contract set up by the answer was of equitable cognizance and converted the proceedings into a suit in equity; therefore the declarations of law given or refused by the court will not be regarded by this court. But even if they be looked into here it will be found that the law was properly declared by that court.

NAPTON, Judge, delivered the opinion of the court.

The plaintiff, together with six others, held a note on the defendant Pate for $2,500, and a mortgage of eighty acres of land, near Kansas city, to secure its payment. At the time this note and mortgage were executed by Pate, he had not yet obtained any title to the land, except that which a bond for a title from his vendor implied, and he was still indebted for a portion of the purchase money, amounting to $640. A few days after the execution of the note and mortgage to the seven persons above referred to, of whom one was the plaintiff, Pate received from his vendor a deed and at the same time executed to him a mortgage to secure the $640 still due on the purchase. This note and mortgage the vendor transferred to the plaintiff, Morris, for $320, and the present suit was brought to foreclose this mortgage and recover the $640, for which it was security. The six co-obligees in the $2,500 note and co-mortgagees with the plaintiff were admitted as parties defendants to the suit, and insisted that the purchase by plaintiff of the $640 note and mortgage should enure to their benefit as well as that of the plaintiff, and the court below so adjudged.

There can be no question that the mortgage to secure the $640, due on the purchase to the vendor, is a prior lien to

the mortgage to secure the $2,500, since, at the time of the last mentioned mortgage, the mortgagor could only convey the title which he had, and that was only a right to a conveyance upon payment of the purchase money. The vendor, having made a conveyance and received a mortgage at the same time, is not to be considered as having lost his lien by its merger in the mortgage.

The question is, whether the co-mortgagees of Morris, the plaintiff, are entitled to share the benefit of his speculation; in other words, whether, if one of seven co-mortgagees buys in a prior mortgage, such purchase would, in equity, be held for the benefit of the other six.

In a court of equity, a mortgage is considered a mere security for a debt. The mere fact, therefore, that one of several joint mortgagees buys up a prior mortgage does not of itself necessarily constitute any breach of obligation, moral or legal, towards his co-obligees, since it does not necessarily impair the value of the common security. The land may be amply sufficient to secure both debts, and the only object of the mortgage is security. But where the value of the land is insufficient to pay off both debts, the prior mortgage of course impairs the value of the second; and although the purchase of the prior mortgage by one of the co-mortgagees in the subsequent mortgage does not really change the value of the second mortgage as a security, and the first lien has to be discharged whether it be retained by its original owner or passes into the hands of one of the co-mortgagees, yet the latter occupy towards each other a relation which a stranger does not, and therefore one of them is not allowed to speculate in the fund which is their common security, behind the back of his companions. Chancellor Kent says, in Van Horn v. Fonda, that "community of interest produces a community of duty, and there is no real difference, on the ground of policy or justice, whether one co-tenant buys up an outstanding encumbrance, or an adverse title, to disseize and expel his co-tenant."

In this case the plaintiff purchased the prior encumbrance

at about half its value.   The judgment of the court was that the proceeds of the sale under the foreclosure should be applied, first, to the payment of the $320 paid by plaintiff for the prior lien of $640, and then to the extinguishment of the debt secured by the second mortgage.   The decree should have gone further and directed the surplus, if any, to be paid to the plaintiff until the prior claim bought by him was extinguished.   The judgment, therefore, is reversed and a judgment will be entered here in conformity to this opinion.

Judge Ewing concurs.   Judge Scott absent.