THOMAS W. PEERY, Respondent, *v.* P. W. HARPER *et al.*, Appellants.

1. *Attachment — Plea in Abatement — Answer.* —Where, in a suit by attachment, defendant pleads in abatement, and the issue is found in his favor, and he afterward answers, setting up the defense that neither plaintiff nor defendant resided in the county in which the suit was brought, the ruling of the court in causing the same to be stricken out was erroneous. Under the 42d section of the present attachment act (Gen. Stat. 1865, p. 567), the suit should have been proceeded upon to final judgment as though commenced by summons alone; and in suits so commenced, one of the parties must reside in the county where suit is brought in order to confer jurisdiction. (Gen. Stat. 653, § 1.) Hence, the answer, if true, was a complete bar to the action.

*Appeal from Polk Circuit Court*

Plaintiff commenced suit by attachment against Harper, and by summons against Smith. The ground of attachment against Harper was, that he was a non-resident of this State. Harper appeared, filed his plea in abatement, and the issue was found for him. Smith did not appear. Harper then put in his answer, alleging that neither plaintiff nor defendants were residents of Polk county, etc.

*McAfee & Phelps*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

The only point saved by the record is the action of the court in striking out defendants' answer. The suit was brought by the plaintiff in Polk county; and one of the defendants, Smith, resided in Henry county, and the other defendant, Harper, resided in Saline county.

Harper appeared and filed his answer, stating that neither the plaintiff nor defendants resided in Polk county, and prayed that the case be dismissed. This answer was stricken out, on motion of plaintiff's attorney, because it was not responsive to the petition, and because it was irrelevant, redundant, and frivolous. No further answer being made, judgment was rendered against the defendants.

I cannot perceive on what grounds the ruling of the court was predicated. If the answer was true, it divested the court of all jurisdiction. Under the law governing the case, when the plea in abatement was found for the defendant, the whole proceedings should have abated; but even on the theory on which the case was tried, that it was regulated and controlled by the forty-second section of the attachment act of the General Statutes, the judgment was erroneous, for that section declares that, when issue joined on plea in abatement is found in favor of defendant, the suit shall not abate, but shall be proceeded upon to final judgment, as though commenced originally by summons alone. Now, the practice act provides that, in suits instituted by summons, they shall be brought, when the parties all reside in the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found. One of the parties must reside in the county where suit is brought in order to confer jurisdiction. If the matter alleged in the answer was true, it constituted a complete bar to all further proceedings in the case.

The judgment must, therefore, be reversed and the cause remanded. The other judges concur.