Brackett v. Brackett.

SAMUEL J. BRACKETT, Appellant, *vs.* JAMES L. BRACKETT, Respondent.

1. *Judgment—Irregularity in—Execution—Motion to quash.*—Where a court has power to render judgment, any mere irregularity in the proceedings may be reached by appeal, or direct proceedings to vacate the judgment, but not by a motion to quash the execution.

2. *Attachment—Plea in abatement—Trial on the merits.*—In suit began by attachment, verdict for defendant on the plea in abatement, does not deprive the court of its jurisdiction to proceed with the case upon the merits, (W. S., 189, § 42,) where defendant is a resident of the county, and in the absence of evidence to the contrary, such fact will be presumed in favor of the judgment.

*Appeal from Pettis Court of Common Pleas.*

*McDonald & Houston,* for Appellant.

I. The filing of a plea in abatement was an entry of appearance in the cause, and authorized a general judgment, if either party resided in Pettis county. (Evans vs. King, 7 Mo., 411.) And there being no evidence to the contrary, it will be presumed in favor of the judgment, that appellant did reside in Pettis county. Hence the rule laid down in Peery vs. Harper, (42 Mo., 131,) does not apply to this case.

II. The objections to the judgment could have been corrected by appeal or writ of error, and the defendant, having failed to avail himself of this remedy, has now no remedy. (Marsh vs. Bast, 41 Mo., 493; Collins vs. Bannister, 48 Mo., 435; Finney vs. State, 9 Mo., 632.)

*Snoddy & Bridges,* for Respondent.

I. Under the statute, (W. S., 189–90, § 42,) upon the dissolution of the attachment, the suit stood as though originally instituted by summons alone. And respondent, as the summons showed, neither resided in Pettis county, nor was found in said county. Hence the court had no jurisdiction. (Peery vs. Harper, 42 Mo., 131; Latimer vs. Union Pac. Railway, E. D., 43 Mo., 105.)

II. The motion to quash the execution was the proper remedy, and no notice was required, as the real estate levied on

was to be sold on the first day of the term. (Parker vs. Han. & St. Joe R. R. Co., 44 Mo., 415.)

III. When proceedings are clearly irregular and void, the courts will quash them. (3 Bouv. Inst. n. 3342.)

WAGNER, Judge, delivered the opinion of the court.

The exceptions in this cause arise on the action of the court in sustaining a motion to quash an execution.

From the exhibits, it appears that the plaintiff brought his suit by attachment, and the petition contained three counts; one founded upon a promissory note; one on an open account; and the other was a declaration for money loaned.

The defendant appeared and filed his plea in abatement, which was sustained by the court, and the attachment was dissolved. No answer being filed, the court at the same term rendered judgment in favor of the plaintiff for the amount of the note set out in the petition. Upon this judgment execution was sued out, and at the next or return term of the court, the defendant appeared and moved to quash the execution, because,

1st. The judgment rendered in the cause was a final judgment, rendered at the same term with the interlocutory judgment, and the same was on a petition founded on a note for the direct payment of money, and on an account not stated or itemized; and,

2nd. The court had no jurisdiction over the defendant in the cause, as the suit was instituted by attachment, and the plea in abatement was sustained by the court.

First. It is unnecessary to inquire whether the court committed any error in giving judgment on the note, without noticing the additional counts or causes of action set forth in the petition, or whether the judgment was entered up at the proper time.

If the court possessed jurisdiction, it had the undoubted power to enter final judgment, and any irregularity it committed would enable the party to reverse the judgment on error or appeal, or vacate the same by a direct proceeding, but it would surely not be competent to attack it collaterally.

Second. When the plea in abatement was found for the defendant, that did not deprive the court of jurisdiction to proceed with the case as an ordinary action.

By the statute, (1 W. S., 189, § 42,) it is provided, that if the issue upon the plea in abatement is found for the defendant, the attachment shall abate, and the plaintiff pay the costs accruing therein, but the suit shall nevertheless, proceed to final judgment, on the cause of action alleged in the petition, as though commenced by summons alone.

This section furnishes a full warrant for the proceeding of the court.

After the attachment was abated, then the case remained on the docket as an ordinary action commenced by summons.

Counsel have here argued, that the court had no jurisdiction, because neither of the parties were residents of the county where the suit was brought. But the record does not disclose that fact, and the presumption must be in favor of the judgment. If defendant has any remedy, he must pursue it in a different manner.

Wherefore the judgment must be reversed, and the cause remanded. All the Judges concur.