HENRY WERNECKE, *et al.*, Appellants, *vs.* IRA L. WOOD, Adm'r of A. F. KENNON, dec'd, *et al.*, Respondents.

1. *Administrator, judgment against in Circuit Court—Motion to quash execution—Appeal from, etc.*—In this State a judgment against an administrator, rendered in the Circuit Court, will not authorize an execution in that tribunal, but must be executed by a proceeding in the Probate Court. But *semble,* that in case of appeal from judgment rendered on motion to quash such execution, and in the absence of any appeal or writ of error from the judgment in the cause, the Supreme Court will not interfere.

2. *Married women, judgment against.*—A judgment against a married woman is a nullity.

*Appeal from Madison Circuit Court.*

*B. B. Cahoon with J. B. Duchouquette,* for Appellants.

I. The objections to the judgment set forth in the motion to quash the execution, could have been corrected by appeal or writ of error, and the defendants having failed to avail themselves of this remedy, have none remaining. (Bracket

vs. Bracket, 53 Mo., 265 ; Marsh vs. Bast, 41 Mo., 493 ; Collins vs. Bannister, 48 Mo., 435 ; Finney vs. State, 9 Mo., 632.)

II. The administration of Kennon's estate was completed. The debt recovered against the plaintiffs, as Wood's sureties, was the only liability of the estate remaining unpaid. There was therefore no necessity to resort to the statutory administration law for the compensation to the securities for the debt of A. F. Kennon, which they had paid. It must be borne in mind that the action of the plaintiffs was a plain proceeding in equity. Suppose the remedy might have been completed under the administration law, that does not prevent a court of equity from exercising its functions. (Bevry vs. Robinson, 9 Mo., 276 ; Dobys vs. McGovern, 15 Mo., 622 ; Stewart vs. Calwell, 54 Mo., 539.)

III. Inasmuch as the Circuit Court of Madison county had jurisdiction, both of the persons of the defendants and of the subject matter of the proceeding upon the bill in equity, and the execution being regular upon its face, a motion to quash it does not lie. (McKnight vs. Spain, 13 Mo., 534.) And this is especially true when, as in this case, the defendants appeared to the action, and judgment was afterwards given against them on failure to answer. (Bracket vs. Bracket, 53 Mo., 265 ; Curd vs. Lackland, 49 Mo., 433.)

*J. W. Emerson*, for Respondents.

I. This judgment is simply absurd. It purports to be a general judgment against Ira L. Wood, and at the same time the decree shows that the estate of Kennon, not Wood, owes the debt. It is also a personal judgment against a married woman. It is a nullity. (St. Louis vs. Bernoudy, 43 Mo., 552 ; Bauer vs. Bauer, 40 Mo., 61 ; Higgins vs. Peltzer, 49 Mo., 152 ; 19 Mo., 441 ; 25 Mo., 408 ; 31 Mo., 419.)

The execution was rightly quashed. (36 Mo., 392), *ante.*

II. No execution can be issued in this State against the estate of a deceased person, and an attempt to sell lands in that way is void. (Swearingen vs. Adm'r, 7 Mo., 421 ; Carson vs. Walker, 16 Mo., 68 ; Miller vs. Doan, 19 Mo., 650 ;

23—VOL. LVIII.

Wagn. Stat., Title Executions, § 22; *Id.*, Title Judgments, §§ 15, 16, 17; *Id.*, Title Administrations, Art. III, §§ 11-17; *Id.*, Art. 4, §§ 1, 3, 4, 8, 27, 30.)

NAPTON, Judge, delivered the opinion of the court.

The questions presented by this record arose out of a motion to quash an execution, on a judgment or decree, in the same court in which the decree was rendered.

This decree was rendered on a failure to answer the petition, and as the decree finds all the facts to be true, as stated in the petition, it is useless to recite the petition. Both the petition and decree contain statements that have no bearing on the case; but the substance of the finding of the court, and of the judgment thereon, may be condensed into the following statement, which seems to be that upon which the counsel on both sides agree.

It is found by the court, that in Sept., 1861, A. F. Kennon died intestate; that letters of administration on his estate were first granted to his widow, Musidora A. E. Kennon, (now Mrs. Wood) and subsequently to her second husband, Wood; that Kennon owned certain lots in Fredericktown and other lots in Ironton; that plaintiffs were Wood's sureties on his bond as administrator. Kennon was indebted to the county of Madison on account of money borrowed from the school fund, and this indebtedness, not having been discharged by Kennon, was allowed in the Probate Court against his estate.

The administrator, Wood, defendant in this case, obtained an order from the Probate court to sell the real estate of Kennon at Fredericktown, in order to pay off this indebtedness to Madison county. At the sale his wife became the purchaser, and he so reported it to the court; but the purchase money was not paid by Wood, and the county of Madison, by certain proceedings stated in the decree, made it out of his sureties, the plaintiffs.

The sureties allege this sale to have been fraudulent and void, and the court so finds it, and decrees that it be set aside, and the judgment of the court is, "It is further considered,

ordered and adjudged and decreed, by the court, that these said plaintiffs (naming them) have and recover from said defendants, Ira L. Wood and Musidora A. E. Wood, the sum of seven hundred and eighty-nine dollars and fifty-nine cents, being the amount paid in manner and form as aforesaid by the plaintiffs, and interest on the part thereof paid to the county of Madison, at the rate of ten per cent. per annum, from the date of said judgment, which said sum of $789.59, is to bear interest from date of this judgment until paid, together with the costs of this suit. It is further considered, ordered and adjudged and decreed, that plaintiffs, by reason of the premises, be subrogated and substituted to all the rights to which said county of Madison, for the use of the inhabitants of said township aforesaid, had or might have had in and to said property hereinbefore described, belonging to said estate of said A. F. Kennon, deceased, before the payment of said sum of money to said county as aforesaid by plaintiffs, in manner and form as found aforesaid by the court; that said sale and the deed of said property, hereinbefore described in the finding of the court, be and the same are hereby set aside, cancelled and forever held for naught, and that the whole of said property hereinbefore described, and all other property belonging to said estate of A. F. Kennon, deceased, not now disposed of, be charged with the payment of said sum of $789.59, with the interest thereon, at the aforesaid rate of ten per cent. per annum, and that the said sum of $789.59, debt and damages and the interest aforesaid found to be due the plaintiffs, together with their costs, be levied on the said real estate belonging to the estate of A. F. Kennon, deceased, and described as follows (here is a description of the lots in Farmington and Ironton); and it is further ordered and adjudged by the court, that of said premises above described, and the other property belonging to said estate of A. F. Kennon, not now disposed of, if any there is, be not sufficient to satisfy said debt, damages and costs, that the residue of said debt, damages and costs be levied of the goods, chattels, lands and tenements of said defendants."

The execution is as follows : "State of Missouri, to the sheriff of Iron county, greeting : Whereas, Henry Wernecke, etc., on the 8th day of October, 1872, at our Circuit Court within and for said county of Madison, recovered against Ira L. Wood, administrator *de bonis non* of the estate of A. F. Kennon, deceased, and Musidora A. E. Wood, wife of the said Ira L. Wood, and the estate of A. F. Kennon, late of Madison county, deceased, the sum of $789.59, and also costs incurred in said cause, which have been taxed to the sum of —— dollars and — cents, which said debt and costs were declared to be a lien and charged upon the following described property, situate in the city of Ironton, county of Iron, and State of Missouri, and described as follows, to-wit : (here the lots are named) which said sum together with the costs of said suit has been already reduced, since the rendition of said judgment, in the sum of $365.00, leaving due on said execution the sum of $521.39. Therefore, these are to command you that of the said described premises, and if the same be not sufficient, then of any other of the goods and chattels, lands and tenements of the said defendants, and of the estate of A. F. Kennon, deceased, you cause to be made the debt, to-wit : $531.29 aforesaid, and that you have the same before the judge of our said court on the 4th Monday of September next, to satisfy said debt and costs, and have you then and there this writ, certifying how you have executed the same.

"Witness, Th. Holliday, clerk of our said Circuit Court, with the seal thereof, etc."

The plaintiffs, as the returns of the sheriff show, were the purchasers on the execution. The motion to quash is in the name of Ira L. Wood and his wife. This motion was sustained in the Circuit Court, and the appeal here is from the judgment on this motion to quash.

An execution must certainly have a valid judgment to support it, and if the judgment is of no validity, the execution will be equally void.

The judgment in this case it is not pretended was right. So far as it related to a cancellation of the deed and a substi-

tution of the plaintiff's to the claims of Madison county it was confessedly correct. But when the court undertook to give a personal judgment against Wood and his wife and also against the estate of Kennon it was manifestly improper.

We have no concern with anything except the judgment and execution, since there was no appeal or writ of error to the judgment. But if the judgment could not sustain the execution and was a nullity the execution could not avail.

The judgment was against a married woman, personally, and also against an estate of a deceased party. There could be no doubt of the power of the court to order the deed to be cancelled, and to direct that the land conveyed be considered as a part of the estate of Kennon ; but then the claim would take the course prescribed by our statute in relation to claims against the estate of a decedent. But the judgment was not merely against the estate of the decedent, which could only warrant a proceeding in the Probate Court, but against the wife of his administrator.

To cite authorities to prove that in this State a judgment against the administrator of a decedent could only be executed by a proceeding in the Probate Court is unnecessary. It has so long been in our statutes that an examination of them is unnecessary.

No execution is allowed here against the estate of dead persons. Judgments against such have to be classified like other claims. But here is a judgment against Wood, administrator, personally, and against his wife, for a certain sum of money, and also a judgment that the money be made by a levy on the estate of Kennon, of which Wood was administrator, and against the estate of his wife.

The personal judgment against the wife for the money claimed was of course a nullity. She was not responsible as widow of her husband, who contracted the debt, or as his administratrix, or his heir, or as the wife of his administrator. The main object of the petition was to set aside and delare null, on account of fraud, a sale of lots in Fredericktown by the administrator and a purchase, or alleged purchase,

by his wife, and to subrogate the plaintiffs who were sureties on the bond of the administrator, to the rights of Madison county whose claim had been paid by these plaintiffs. This was done and properly done.

Beyond this nothing further was asked except under the general prayer for relief. Allowing that under this general prayer for relief a decree might go against the defendant, Wood, personally, it could certainly not go against his wife. But Wood was sued as administrator, and as such his sale and conveyance to his wife was declared null, and then a personal judgment was entered against him and his wife, and along with this a judgment against the estate of Kennon, and the execution, following the judgment, was against Kennon's estate, against Wood, and against Mrs. Wood, and her interest in dower in Kennon's estate.

The judgment, so far as it affected Kennon's estate, would not authorize any execution but would have to be proceeded on in the Probate Court, as other judgments. So far as it affected Mrs. Wood, formerly Mrs. Kennon, it was a nullity, as no personal judgment could be had against a married woman; so far as it was a personal judgment against Wood, it might have been executed, but the execution was against property of Kennon's estate and against property of Mrs. Wood, as well as Wood, and was in fact levied, as the return shows, on property of Kennon's estate.

The main ground on which this execution is sought to be supported is, that there was no appeal from the judgment, and no writ of error sued out, and therefore, in this proceeding it must be assumed as right; and the case of Brackett vs. Brackett, (53 Mo., 265,) is relied on to support this proposition. In that case it was held that where a court has power to render a judgment, any mere irregularity in the proceedings, which may be overruled by appeal or writ of error, or other proceeding to correct the judgment, will not avail in a motion to quash the execution. And this proposition is correct, and its application in the case referred to was obviously right.

But in this case the execution was against a married woman and against a decedent's estate, and against the interest of said married woman in that estate, and against Wood, former administrator of the decedent.

Conceding that no inquiry on such a motion would be allowed in regard to the judgment against Wood, personally, nor in regard to the judgment against the estate of Kennon, yet the judgment against the wife of Wood was clearly a nullity, and no execution could be had against the estate of Kennon. But the execution in this case is against both Mrs. Wood and against Kennon's estate, and the return shows that it was levied on the latter, and on Mrs. Wood's dower interest in it.

We think the court below properly quashed the execution, because no writ could go against the estate of a decedent: (Wagn. Stat., Title Execution, § 22; *Id.*, Title Judgments, §§ 15, 16, 17; *Id.*, Title Administrator, §§ 11–17.)

Judgment affirmed; the other judges concur.