SAMUEL J. BRACKETT, Appellant, *vs.* JAMES L. BRACKETT, Respondent.

1. *Practice, civil—Suit on note and debt—Judgment rendered on sixth day of term—Setting aside for irregularity—Miscalculation of amount.*—In suit where the petition contains two counts, one on a promissory note and one for money loaned, and it does not appear whether judgment is rendered on the first or the second, the rendition thereof on the sixth day of the term, that day not being the last one, is not such irregularity as will authorize setting it aside. Nor would a mistake in computing the amount of the judgment be such an irregularity.

2. *Attachment—Plea in abatement decided for defendant, what judgment may be rendered after—Residence of defendant, how shown.*—Where land is attached by a non-resident of the county, and the plea in abatement is decided for defendant, the case stands as though commenced by summons alone; and it appearing from the sheriff's return that process was served on a member of defendant's family at his residence in another county, the court has no further jurisdiction. In such case his residence cannot be proved by parol testimony.

*Appeal from Pettis County Circuit Court.*

*F. Houston & R. S. McDonald,* for Appellant.

I. Defendant appeared to the plea in abatement, and that being decided in his favor, the court was authorized (Wagn. Stat., 189–90, § 42) to proceed with the case to final judgment.

II. The return on the original summons only shows that defendant was served in St. Louis county, and this fact being before the court, when judgment was heretofore rendered, it will be presumed in favor of the judgment that the court had jurisdiction. (53 Mo., 267.)

III. Having failed to set up non-residence and want of jurisdiction at the proper time, it is now too late, and he is bound by the judgment. Hence, Peery vs. Harper (42 Mo., 131), will apply to this case.

IV. As to the note, the judgment on the sixth day was proper. If erroneous in amount he should have moved to set it aside at the term at which it was rendered. If the sum is not greater than the amount claimed in the petition, it is not erroneous. (See Wagn. Stat., 1054, § 12; Whit. Mo. Pr., p. 470, §§ 383, 363–4; Campbell vs. Gorton, 29 Mo., 343; Tennison vs. Tennison, 49 Mo., 110.)

Brackett v. Brackett.

V. The oral testimony offered by defendant contradicted the record and was incompetent.

*Snoddy & Bridges*, for Respondent. ·

I. Both parties being non-residents of Pettis county, suit by summons could not be instituted there, (Wagn. Stat., 1005, §§ 1, 2) and the plea in abatement being dissolved, the action stood as though so instituted ; hence, judgment could not be rendered by default. (See Peery vs. Harper, 42 Mo., 131; Latimer vs. Union Pac. R. R., 43 Mo., 109.)

II. The suit was on an account and judgment was properly quashed. (3 Bouv. Inst., 3342; Parker vs. Han. & St. Jo. R. R. 44 Mo., 415.)

III. The record is conclusive proof that defendant resided in St. Louis county.

IV. Defendant had all of the sixth day in which to answer (Wagn. Stat., 1014, § 5), and the judgment was irregular and could be set aside on motion. (See Doan vs. Holly, 26 Mo., 186 ; Morp vs. Burris, 31 Mo. 308 ; Aderton vs. Collier, 32 Mo., 507 ; Lombard vs. Clark, 33 Mo., 308 ; Stacker vs. Cooper Circuit Court, 25 Mo., 401 ; Harber vs. Pac. R. R. Co., 32 Mo., 423 ; Braustetter vs. Rives, 34 Mo., 318 ; Lawther vs. Agee, 34 Mo., 372 ; Hart vs. Walker, 31 Mo., 26.)

WAGNER, Judge, delivered the opinion of the court.

When this cause was in this court upon a former occasion, the judgment of the lower court quashing the execution was reversed, because the points made for the appellant did not sufficiently appear in the record as then presented. (Brackett vs. Brackett, 53 Mo., 265.)

After the decision in this court, plaintiff obtained the issuance of a new execution, and the defendant appeared in court within the time limited by the statute, and moved to set aside the judgment for irregularity, and also to quash the execution. This motion was sustained, and plaintiff appealed. The original proceedings are now before us, and the question is directly raised whether such irregularities were committed

as would authorize the setting of the judgment aside, and whether the court had any jurisdiction at all of the case.

The suit was instituted by attachment in the common pleas court of Pettis county, and the petition contained three counts. The first was upon a promissory note, and the two others were for money loaned at different times. At the return term the defendant appeared and filed a plea in abatement to the attachment, and upon that matter being submitted to the court, the issue was found for the defendant. Defendant made no further appearance, and on the sixth day of the term a final judgment was entered against him. It is insisted that this was irregular, as upon the two last counts he had six days in which to file his answer if the court continued so long, and it is shown that the court was in session for several days afterwards. If the judgment was rendered upon the last two counts, the action of the court was premature and irregular, for it has been frequently decided that where a party has a certain number of days in which to plead or answer, it is error to take judgment on the last of those days or before they have all expired. (Doan vs. Holly, 26 Mo., 186; Hart vs. Walker, 31 Mo., 26; Branstetter vs. Rives, 34 Mo., 318; Lawther vs. Agee, Id., 372.) But the record leaves it in doubt as to whether judgment was really rendered on anything more than the first count, which was founded upon the note. It is true that the amount for which the judgment was given was greatly in excess of what was due on the note, and was probably large enough to comprehend all that was included in three counts. The judgment entry is that "the court finds from the pleadings and evidence, that the defendant is justly indebted to the plaintiff in the sum," etc., "the same being founded on a note for the direct payment of money." If the court, by inadvertence or mistake, made a miscalculation in computing the amount, that would not be one of the irregularities contemplated by the statute. The correction should be made in another manner.

The question of jurisdiction is based on the fact that neither of the parties resided in Pettis county at the time the suit

was brought. At the hearing parol evidence was admitted to prove the non-residence, but that was error, for the question must be determined by what appears of record. Under the 42d section of our attachment law the finding of the issue of a plea in abatement for the defendant does not abate the entire suit, but thereafter it must be proceeded upon to final judgment as though commenced originally by summons alone. When the attachment was abated, the suit then stood upon the docket as an ordinary civil action regularly commenced by summons. In reference to suits brought by summons the practice act provides that they shall be brought, when all the parties reside in the State, either in the county within which the defendant resides or the county within which the plaintiff resides and the defendant may be found. The record here plainly shows that the defendant did not reside within Pettis county, nor was he served with process in that county. The summons to bring him into court was directed to the sheriff of St. Louis county, and the sheriff in making his return states that he executed it by leaving a copy of it with a member of defendant's family at his residence in St. Louis county, thus furnishing conclusive proof that when the process was served it was served in that county, and that defendant resided there. This fact wholly defeated the jurisdiction of the court in Pettis county, so far as rendering a personal judgment was concerned. The court obtained jurisdiction in the first place by reason of attaching defendant's land lying within its county, but when the attachment abated defendant was not in court in the usual way by summons, and hence jurisdiction did not attach over his person.

It follows that the judgment must be affirmed. All the other judges concur.