JOHN GRIER, Respondent, *v.* F. F. Fox, Appellant.

### December 4, 1877.

A suit by attachment, instituted on a claim not due, must be dismissed where the issue on the plea in abatement is found for the defendant.

APPEAL from St. Charles Circuit Court.
*Reversed and remanded.*

F. W. HINMAN and H. C. LACKLAND, for appellant, cited: *Peery* v. *Harper*, 42 Mo. 131; *Brackett* v. *Brackett*, 53 Mo. 265.

McDEARMON & GAUSS, for respondent, cited: *Brackett* v. *Brackett*, 53 Mo. 265; *Jones* v. *Snodgrass*, 54 Mo. 597; *Davis* v. *Perry*, 46 Mo. 449; *Anderson* v. *Moberly*, 46 Mo. 191.

BAKEWELL, J., delivered the opinion of the court.

This action was commenced by attachment under the Landlord and Tenant's Act. The suit is on two notes, neither of which were due at the commencement of the action, but which had both matured at the date of the return of the summons. The issue on the plea in abatement was found for defendant. Defendant then moved to dismiss, on the ground that the suit was commenced before the maturity of the claim. The motion was overruled, and such proceedings subsequently had that judgment was entered for plaintiff.

The record presents only one question for determination:

Whether, where a suit is commenced by attachment on a claim not due, the suit should be dismissed if the issue on the plea in abatement is found for defendant. The statute provides that an attachment may, in certain cases, issue on a demand not yet due, but that no judgment against defendant shall be rendered until the maturity of the demand. If the issue on the plea in abatement be found for defendant, the attachment shall be abated, " but the suit shall proceed to final judgment on the cause of action therein alleged, as though commenced originally by summons alone." Wag. Stat. 178, secs. 2, 42, 49. Under the law as it formerly stood, where the plea in abatement was found for defendant the whole proceeding was at an end, and plaintiff must commence a new action. Now, the plea in abatement being disposed of, the suit may proceed, but as if commenced by summons alone. If a suit were commenced by summons issued upon a petition which set out no cause of action, judgment upon demurrer must necessarily be for defendant. The question would not be whether the note or other demand sued on was due at the time of joinder in demurrer, but whether it was due at the time of the filing of the petition, which, under our practice, is the foundation of the action. The issue raised by the plea in abatement being out of the way in the case before us, and the case standing as any action commenced by summons, we see no reason why it should not be subjected to the ordinary rules governing such actions; nor why the plaintiff should be allowed any advantage because he has sworn, no matter how conscientiously, to his belief in the existence of a state of facts which is found not to have existed.

When a man gives a promissory note, he has a right to suppose that, if by the chances of business and inevitable misfortune he cannot meet it at maturity, no process can issue to subject his property to forced sale to meet the obligation until judgment has been obtained, in due course, upon a suit commenced to the return term next succeeding the maturity of the paper, unless he meanwhile leaves the

State, or in some other way brings himself under the provisions of the attachment law. But if the views of the law upon which the judgment in the case before us must be based are to prevail, it is a new premium offered to perjury, and the debtor's position depends upon the degree of regard that his creditor may have for an oath. An unscrupulous creditor may swear out a writ of attachment the day after the execution of the note, and have his suit pending in court: and ripe for judgment and execution on the very day of its maturity ; and if any care be taken as to the character of the levy on the attachment; there is no risk whatever in the proceeding.

*Peery* v. *Harper*, 42 Mo. 131, was a case in which a plaintiff not residing in Polk County brought suit by attachment, in that county, against a defendant residing in Saline. This could be done in case of attachment, but when the suit is instituted by summons alone, one of the parties must reside in the county where the suit is brought, in order to confer jurisdiction. The plea in abatement having been found for defendant, it was held that the suit could not proceed to final judgment except as a suit instituted by summons alone ; and that, as a suit instituted by summons, it was brought in the wrong county, and the judgment entered for plaintiff was reversed. *Brackett* v. *Brackett*, 53 Mo. 265.

In an action commenced by summons alone, the Circuit Court has no jurisdiction of the person of defendant, unless the plaintiff reside in the county in which the defendant resides, or is found and served ; in an action commenced by summons alone the Circuit Court has no jurisdiction of a cause of action which had not matured when summons was issued in the cause. In either case, where jurisdiction attaches by attachment, it is lost when the finding on the plea in abatement shows that no ground for attachment existed at the time the writ issued. The suit then stands as if commenced by summons alone.

We are of opinion, therefore, that the defendant's motion

to dismiss the suit should have been sustained when the issue on the plea of abatement was found in his favor, and that the court below erred in rendering judgment for the plaintiff on his claim.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.