FARE *et al.* v. GUNTER, *Plaintiff in Error.*

**Practice**: APPEARANCE: JURISDICTION. The appearance of a defendant in the circuit court, on appeal from a justice of the peace, for the sole purpose of filing a plea in abatement, is not such an appearance to the action as to forbid his raising the question of jurisdiction. And where it appears he was served with summons in the township where he resided, which does not adjoin that in which suit was brought, the action should be dismissed on his motion. R. S., § 2839.

*Error to Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*Henry Brumback* for plaintiff in error.

*A. G. McCune* for defendant in error.

NORTON, J.—It appears from the record in this case that the suit, which was by attachment, was commenced before a justice of the peace in Turnback township, Lawrence county. 'Defendant resided in and was served with summons in Lincoln township, in said county. Defendant made no appearance before the justice of the peace, and judgment was rendered against him by default. He afterwards moved to set aside this judgment, appearing for that purpose only, which motion being overruled, he appealed to the circuit court, and, appearing only for that purpose in the circuit court, filed his plea in abatement to the attachment, and on motion of plaintiffs, was required to give another attachment bond, which not being given, the attachment was dissolved, whereupon defendant filed his motion to dismiss the suit, basing it on the ground that, as the suit was brought before a justice of the peace in Turnback township, and defendant was not at the time and never had been a resident of said township, but was served with summons in Lincoln township where he resided, and which was not adjoining Turnback township, the justice acquired no jurisdiction. The court overruled the motion and rendered judgment by default, from which action of the court defendant has prosecuted his writ of error to this court.

Under our ruling in the cases of *Brackett v. Brackett*, 61 Mo. 221, and *Peery v. Harper*, 42 Mo. 131, the appearance of defendant in the circuit court, for the sole purpose of filing a plea in abatement, was not such an appearance to·

the action as to forbid his raising the question of jurisdiction, as he did in his motion; and it appearing that the suit was brought in Turnback township in which defendant did not reside, and service of the summons was had in Lincoln township, where he did reside, and which was not an adjoining township to Turnback township, the justice acquired no jurisdiction, inasmuch as it is provided in section 2839, Revised Statutes, that every action cognizable before a justice of the peace shall be brought before some justice of the township, 1st, Where the defendant resides, or any adjoining township; or 2nd, Wherein the plaintiff resides and the defendant may be found.

It, therefore, follows that the court erred in overruling defendant's motion, and the judgment is hereby reversed and suit dismissed, in which all concur.