# COLUMBIA BREWERY CO., Appellant, v. HENRY A. FORGEY, Respondent.

### St. Louis Court of Appeals, June 22, 1909.

1. **JURISDICTION: Subject-matter: Person: Consent.** Jurisdiction of the subject-matter of a suit cannot be conferred upon a court by consent of the parties, but jurisdiction over the person can be so conferred, if the court possesses jurisdiction of the subject-matter.

2. ——: ——: **What is.** Jurisdiction of the subject-matter is the power to hear and determine the general class of cases to which the particular suit involved belongs.

3. ——: **Parties: Non-resident: Waiver.** In an action on promissory notes, where both plaintiff and defendant were non-residents of the county in which the suit was brought, but defendant was served with process therein, the circuit court of that county, being a court of general jurisdiction, possessed jurisdiction of the subject-matter of the action; and if, in such case, defendant appeared to the merits of the case, he will be deemed to have voluntarily submitted himself to the jurisdiction of the court.

4. ——: ——: ——: ——: **What Constitutes Waiver.** Where both defendant and plaintiff were not residents of the county in which the suit was brought, and defendant, after being served with process therein, appeared in court by his attorney and agreed to a resetting of the case and later agreed to its continuance, he thereby voluntarily submitted himself to the jurisdiction of the court.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Charles Fensky* and *Elliot W. Major* for appellant.

(1) We take the position that when the defendant consented and agreed for the cause to be reset at the foot of the docket, and again when he appeared and the cause was continued by agreement of the parties, this was such an appearance as waived proper service of

process and the jurisdiction of the court, and was tantamount to a general appearance in the cause. Baisley v. Baisley, 113 Mo. 551; Hazeltine v. Messmore, 184 Mo. 316; McClure v. Iron Co., 90 Mo. App. 575; Seay v. Sanders, 88 Mo. App. 485; Waller v. Everett, 52 Mo. 57; Peters v. Railroad, 59 Mo. 407.

*Dempsey & McGinnis* for respondent.

(1) Respondent was in court for the purpose of his plea only, and the court did not acquire jurisdiction. Meyer v. Insurance Co., 184 Mo. 481; Thomason v. Insurance Co., 114 Mo. App. 109; Speer v. Burlingame, 61 Mo. App. 75; Little Rock Trust Co. v. Railroad, 93 S. W. 944.

NORTONI, J.—This is a suit on several promissory notes. The merits of the cause were not inquired into, however, and the character of the action is only referred to for the purpose of determining whether the court was possessed of jurisdiction over the subject-matter. Defendant interposed a plea in abatement, challenging the jurisdiction of the court over his person. On a hearing, the court sustained the plea in abatement and gave judgment for defendant accordingly. Plaintiff prosecutes the appeal.

The testimony tended to prove that the plaintiff is a corporation, and was at all times, a resident of the city of St. Louis; while the defendant was and is a resident of Callaway county in this State. Defendant was temporarily in Pike county, probably visiting, and while there, plaintiff instituted this suit against him in the circuit court of that county. Defendant was properly served with process of summons, and as stated, at the return term, filed his answer which contained a plea to the jurisdiction of the court over his person solely. As stated, the evidence shows conclusively that plaintiff was at all times a resident of the city of St. Louis and the defendant was not a resident of Pike county, in

which he was sued, but on the contrary, resided in Callaway county. Our statute (sec. 562, R. S. 1899), insofar as pertinent here, provides as follows: "Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the State, either within the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found," etc. It appearing from the proof that the plaintiff resided in St. Louis and the defendant in Callaway county, the court sustained the plea in abatement, in keeping with the provisions of the statute quoted, for the plaintiff was sued in a county other than that in which he resided, and he was not found and sued in the county in which plaintiff resided.

If this were the entire case, the ruling would have been proper, indeed, as has been decided in numerous cases. [Peery v. Harper, 42 Mo. 131; Thompson v. Bronson, 17 Mo. App. 456; Brackett v. Brackett, 61 Mo. 221.] There was an appearance by defendant touching the merits, however, and this fact invokes a rule of decision which must control the judgment of the court. It should nevertheless be suggested if this were a new question, that is, if the interpretation of the statute above quoted was entirely free from adjudication by the superior courts of the State, it might well be said that it presents in this instance more particularly a question of venue than that of jurisdiction over the person, for it appears the statute commands that suits instituted by summons *shall be brought,* etc. In view of this language, it may be reasoned that no jurisdiction is conferred in the first instance thereby, except the suit shall be brought according to the venue therein designated. There are some authorities among our decided cases which point as though the court entertained such an opinion. For instance, in Perry v. Harper, 42 Mo. 131, the Supreme Court, in an opinion by Judge WAGNER, employed broad language, indeed, touching the power

of the court to proceed in a case where neither the plaintiff nor defendant resided in the county where the suit was instituted. Judge WAGNER said: "If the answer was true, it divested the court of all jurisdiction." And again, in the concluding lines of the opinion, it is said: "If the matter alleged in the answer was true, it constituted a complete bar to further proceedings in the cause." When careful attention is given to the facts of that case, however, it appears it presented no question other than the case of a suit being instituted in a county in which neither of the parties resided, both of whom were residents of the State. That was an attachment suit instituted in Polk county against Harper, the defendant, who resided in Saline county, and it appears the plaintiff did not reside in Polk county. Harper appeared and filed his plea in abatement to the attachment and upon a trial being had, defeated the attachment. Of course, there was nothing involved in this which tended to enter an appearance in the cause on its merits. After the attachment had been defeated, Harper filed his plea in abatement to the suit on the merits, and presented the sole question that the suit could not be maintained in Polk county when neither plaintiff nor the defendant resided therein. This plea was sustained by the Supreme Court, and as stated, very broad language was employed in the opinion. However, there is nothing in the case tending to show that the defendant submitted to the jurisdiction of the court over his person, and of course it was rightly decided.

Later, the case of Brackett v. Brackett, was presented to our Supreme Court. It is first reported in 53 Mo. 265, and on the second appeal in 61 Mo. 221. On the first appeal, the facts were insufficiently disclosed in the record to present the question now in judgment. The second appeal, however, in that case presented a state of facts in which it appeared neither plaintiff nor defendant resided in Pettis county, wherein the suit was instituted. It appeared plaintiff in-

stituted the suit in Pettis county against the defendant, who resided in St. Louis. It is not stated in the opinion where the plaintiff resided, but it is clear therefrom that he was not a resident of Pettis county, and the circuit court of that county obtained jurisdiction in the first instance because of the fact that it involved an attachment of real estate situated in Pettis county. The attachment having failed, the jurisdiction of the court predicated on that score failed as well. By referring to the report of that case on the first appeal, Brackett v. Brackett, 53 Mo. 265, it will appear the defendant filed no answer whatever to the suit on the merits, and the case presents no question of waiver. The judgment was on default. By reference to the second appeal, Brackett v. Brackett, 61 Mo. 221, it appears the appeal was from a ruling of the court in quashing the execution issued upon the judgment. A review of the record there disclosed to the Supreme Court that defendant resided in St. Louis, and the court declared that inasmuch as the attachment against the land had failed and neither party resided in Pettis county, the judgment was void for the reason the court was without jurisdiction to render a personal judgment.

However, upon investigation of the authorities, it appears the doctrine has obtained in this State from an early date in respect of a proceeding in the circuit court to the effect that if a cause be one in which the court is vested with jurisdiction of the subject-matter, then the cause may proceed to judgment if the defendant by any act, submits to the jurisdiction of the court over his person. The doctrine of our authorities is that while jurisdiction over the subject-matter cannot be conferred by consent, jurisdiction over the person may be, if the court is otherwise possessed of jurisdiction of the subject-matter. In this connection, it is said the court is possessed of jurisdiction over the subject-matter if it is possessed of jurisdiction to hear and de-

140 App.—39

termine the general class of causes to which the particular suit involved belongs. Posthlewaite v. Ghiselin, 97 Mo. 420, 424; Brown v. Woody, 64 Mo. 547; Hambree v. Campbell, 8 Mo. 572; Baisley v. Baisley, 113 Mo. 544.] Our circuit courts are courts of general jurisdiction. This proceeding presents a mere personal transitory cause of action. The suit is predicated on several promissory notes in different counts. In these circumstances, there. can be no controversy under our decisions with respect to the proposition that the circuit court of Pike county is possessed of jurisdiction over the subject-matter of the action. It is well settled in our law that if a case is one in which the court is possessed of jurisdiction over the subject-matter of the action and the defendant appears to the merits thereof in any manner whatever, this appearance operates as a waiver of his right to question the jurisdiction over his person and he is treated as having thereby voluntarily submitted himself thereto. Such has been the doctrine in this State since Hambree v. Campbell, 8 Mo. 572. See also Spear v. Burlingame, 61 Mo. App. 75; Baisley v. Baisley, 113 Mo. 545; Hazeltine v. Messmore, 184 Mo. 298.

Now it appears that on a hearing of the plea in abatement the plaintiff introduced two records of the court in this identical cause. The first recites, in substance, that the parties plaintiff and defendant appeared by their respective attorneys, and by agreement of parties, the cause was reset for trial at the foot of the docket. The second order in the cause which was introduced in evidence on the plea in abatement is to the effect that the parties plaintiff and defendant appeared by their respective attorneys and by agreement of parties, the cause was continued. These records import absolute verity and may not be controverted. In this case they are not controverted. It therefore conclusively appears that, notwithstanding the plea in abatement, the defendant appeared twice in the cause

touching the matter of its disposition—once for the purpose of resetting the case by agreement at the foot of the docket, and again for the purpose of continuing it to a subsequent term by agreement of parties.

As said before, there can be no controversy as to the jurisdiction of the court over the subject-matter of the action. The question submitted for determination relates solely to the jurisdiction over the person of defendant. In keeping with the doctrine above stated to the effect that an appearance by the defendant to the merits of the action, in a case where the court is possessed of jurisdiction over the person, it has been determined that the filing of an answer to the merits of the cause confers complete jurisdiction over the person. [Wicecarver v. Mer. Town Fire Ins. Co., 137 Mo. App. 247, 117 S. W. 698; Thomasson v. Mer. Home Town Ins. Co., 114 Mo. App. 109; 89 S. W. 564; s. c., 116 S. W. 1092; McClure v. Paducah Iron Co., 90 Mo. App. 567.] So, too, it has been determined that the taking of a change of venue by a defendant from the court in which the case is pending, operates as an appearance to the merits of the action and confers jurisdiction over the person. [Feedler v. Schroeder, 59 Mo. 364; Spear v. Burlingame, 61 Mo. App. 75.] And likewise, an appearance in the cause for the purpose of setting a case at the foot of the docket by agreement operates to waive the matter of jurisdiction over the person of defendant and confers jurisdiction upon the court to proceed, if the court is possessed of jurisdiction over the subject-matter. [Orear v. Clough, 52 Mo. 55.] It has been decided, too, in several cases, that where it appears the defendant consented or agreed to a continuance of a cause from one term to another, this fact operates a waiver to the same effect and confers complete jurisdiction over the person of the defendant for the court to proceed to judgment. [Baisley v. Baisley, 113 Mo. 544; Peters v. St. L. I. M. & S. Ry. Co., 59 Mo. 406; Seay v. Sounders, 88 Mo. App. 478.] These

decisions are conclusive and in point, especially those relating to a continuance and resetting of the cause at the foot of the docket by agreement of parties. Therefore, it appearing that the defendant agreed to a resetting of the cause at the foot of the docket and likewise a continuance thereof, he thereby waived his right to insist that the court was without jurisdiction over his person, and voluntarily submitted himself thereto.

The judgment will be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.