Saline County v. Wilson.

SALINE COUNTY, Respondent, *vs.* BENJ. H. WILSON, Appellant.

1. *County court—Allowance of claim and issue of warrant in blank—Action for money drawn, what will lie.*—The circuit court of Saline county, under the act of 1867, (Sess. Acts 1867, p. 108) and the subsequent acts on the same subject, made an order for indexing the court records for the year 1821, and on report that the work had been satisfactorily done, directed the allowance to A. of twenty cents per line for such index, and that the same be certified to the county court for payment. A. presented the order to the county court, unaccompanied, however, with any account showing the amount of work done. And the court on the eve of its adjournment made an order auditing and allowing the claim in blank, and drew a warrant in blank, with instruction to its clerk to insert a sum corresponding with the account, when the same should be rendered and to deliver the same to A. *Held,* that such action, although taken in good faith, was unauthorized by law; and that the amount paid him might be recovered back by the county in suit for money had and received.

2. *County courts—Agents of counties to what extent.*—County courts are agents of their respective counties only in the manner and to the extent prescribed by law, and their acts beyond these limits are null and void.

### *Appeal from Cooper Circuit Court.*

*Shackleford, with Draffen & Williams*, for Appellant, cited, Wolfe vs. Marshall, 52 Mo., 167; 46 Mo., 200; 2 Den., 26; 13 Abb. Pr., 300.

*J. P. Strother, with Samuel Davis,* for Respondent, cited, Wagn. Stat., 414–15, §§ 28–33; St. Louis vs. Gorman, 29 Mo., 593; Cedar Co. vs. Johnson, 50 Mo., 225; State vs. St. Louis Co. Ct., 34 Mo., 546; Barton Co. vs. Walser, 47 Mo., 189; Wash. Co. vs. Parlin, 5 Gil., 232; Kelly vs. Sulan, 9 Mees. & W., 54; 2 Sm. Lead Cas., 542; Reppy vs. Jefferson Co., 47 Mo., 66; Reardon vs. St. Louis Co., 36 Mo., 555; St. Louis vs. Alexander, 23 Mo., 488; Wolcott vs. Lawrence Co., 26 Mo., 275; Stein vs. Franklin Co., 48 Mo., 167; *In re* Saline Co. Subscription, 45 Mo., 52; Cheeley vs. Wiggs, 32 Mo., 398; State vs. Clark Co. Ct., 41 Mo., 44; State vs. Cooper Co. Ct., 17 Mo., 507; 1 Sto. Eq., §§ 133–4; Ray Co. vs. Bentley, 49 Mo., 236; Parker vs. State, 7 Mo., 194; Marion Co. vs. Moffett, 15 Mo., 605; United States vs. Kirkpatrick, 9 Wheat., ——; United States vs. Van Zant, 11 Wheat.,

184; 44 Mo., 479; Boggs vs. Caldwell, 28 Mo., 588; Marion Co. vs. Phillips, 45 Mo., 75; Owens vs. Anderson, 49 Mo., 378.

SHERWOOD, Judge, delivered the opinion of the court.

This action is brought to recover from the defendant the sum of $3,296.20, alleged in the petition to have been without consideration, and fraudulently, obtained from the plaintiff by the defendant. In May, 1870, the Saline circuit court made an order under the provisions of the act of 1867 (Sess. Acts 1867, p. 108), and of acts subsequent thereto and amendatory thereof, for indexing the records of that court from the year 1821. At a subsequent term, upon the report by those appointed for that purpose, that the work was satisfactorily done, an order was entered allowing the defendant the sum of twenty cents for each and every index (or line) of each case in both the direct and inverted indexes, and that the same be certified to the county court of Saline county, Missouri, for payment. The defendant presented to the Saline county court a certified copy of that order, unaccompanied, however, by any account as to the amount of work done. The county court laboring under the impression that it had no discretion in the matter, but was bound by the rate of compensation fixed for the defendant's services by the circuit court, and influenced by the representations of the defendant, that the term of his office (that of circuit clerk) would expire before the re-assembling of the county court, and that he was therefore desirous of closing up the matters pertaining to his office, before retiring, and that although the work was not quite complete, yet would be in a few days, and when so completed an account of the same would be rendered, made an order auditing and allowing the claim of the defendant in blank, and drew a warrant in blank in his favor, with instructions to the clerk that when the defendant's account should be rendered, the blanks in the order and warrant should be filled in accordance with such account, if ascertained to be correct, and the warrant delivered to defendant,

and this was accordingly done by the clerk of that court, after adjournment and in vacation. The warrant thus procured was for the sum of $4,096.20. The account exhibited to the clerk of the county court was a mere brief memorandum, signed by defendant's deputy, as follows: "Number of cases indexed in circuit court records 20481x20=$4,096.20, four thousand and ninety-six 20.            J. VANDYKE."

The evidence shows clearly that the amount specified in the warrant and received by defendant was far in excess of the reasonable value of the services performed, and in the absence of statutory provision a reasonable compensation was all he was entitled to. He denied all allegations of fraud in his answer; and in the view we take of this case it is wholly unnecessary to discuss that topic, as our decision can be based on a point on which there is no conflict of evidence, and should be none of opinion. That point is this: that the county court, however pure its motives—and there is nothing in the record to impugn them—acted beyond all scope of legitimate authority, when it professed to audit a claim which had not been presented, whose amount was not ascertained, and when causing an entry of the allowance of that claim as well as the warrant to issue therefor to be left blank as to the amount, with orders to the clerk to fill the blanks thus left. In so doing, the county judges manifestly abdicated their jurisdiction; but conferred none on their clerk. County courts are only agents of their respective counties in the manner and to the extent prescribed by law. So long as they continue to tread in the narrow pathway allotted to their feet by legal enactment, their acts are valid, but whenever they step beyond, their acts are void.

Numerous decisions of this court enunciate and illustrate this well settled rule. (Wolcott vs. Lawrence Co., 26 Mo., 272; Ruggles vs. Collier, 43 Mo., 353; Steines vs. Franklin Co., 48 Mo., 167; Jefferson Co. vs. Cowan, 54 Mo., 234.)

Viewed in this light, the order allowing the defendant's claim and the warrant issued therefor, possess no legal validity and oppose no barrier to the suit of the plaintiff; and

the case stands here precisely as if the defendant had, without even the semblance of authority, drawn the money from the county treasury : in which case there could arise no doubt but that an action for money had and received, which is the nature of the present suit, would lie for the recovery of the money thus obtained.

Since, therefore, in contemplation of law, no order was made allowing the defendant's claim, nor warrant issued therefor, it is not within our purpose or province to discuss the points raised by the defendant's declarations of law, as to the effect to be given to acts which never had a legal existence, or to decide what would have been the result on the plaintiff's rights, had the county court really made an order of allowance, and issued a warrant in term time, and in due accordance with law. The trial court gave judgment for the plaintiff in the sum of $1,885.13, and its judgment is affirmed. Judge Vories absent. The other judges concur.