ABSALOM SWINEFORD ET AL., Respondents, *v.* FRANKLIN COUNTY, Appellant.

May 14, 1878.

There can be no recovery in damages against a county where the act complained of is either a wrongful or negligent way of repairing a county road, or an unauthorized trespass upon private property. If the former, the county is not liable, because the County Court was performing functions imposed upon it by the general road-laws of the State, and was acting for the State. If the latter, the individuals only are liable, and not the county.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*

BOOTH, KISKADDON & JEFFRIES, for appellant, cited *Reardon* v. *St. Louis*, 36 Mo. 555 ; *Ray County* v. *Bentley*, 49 Mo. 236 ; *Jefferson County* v. *Cowan*, 54 Mo. 234 ; *Saline County* v. *Wilson*, 61 Mo. 237 ; *Murtaugh* v. *St. Louis*, 44 Mo. 479.

CREWS & BRAGG, for respondents, cited *McGarry* v. *Lafayette*, 4 La. An. 440 ; *Wilde* v. *New Orleans*, 12 La. An. 15 ; *Thayer* v. *Boston*, 19 Pick. 511 ; *Lee* v. *Sandy*, 40 N. Y. 442 ; *Hannon* v. *St. Louis*, 62 Mo. 313, and cases there cited.

HAYDEN, J., delivered the opinion of the court.

This is an action brought by the owner of a mill and mill-site in Franklin County to recover damages for the filling up of a mill-race of the respondents. The petition alleges that the respondents were carrying on a profitable milling business, and that the appellant, by its agents, destroyed the race which conveyed to their mill the necessary stream of water, and this deprived the respondents of the use and value of their mill, etc. The answer is a general denial. The evidence tended to show that the respondents, about the year 1867, purchased land on the Maramec River, in Franklin County, and at a place known as "Horse-

Shoe Bend " deepened a slough of the river and made a race of it, and there erected a saw-mill and grist-mill, at considerable expense. A county road ran along the bottom, nearly parallel with the river, and crossed the slough by a bridge which was supported on trestles. The respondents, having procured an act of the Legislature authorizing the erection of a dam across the river, built a dam near the head of the slough, and erected their mill near the foot of it. In the spring of 1868, when the mill was in successful operation, a freshet washed away a part of the dam and prevented the mill from working; and at the instance of certain persons owning land in the vicinity the respondents were enjoined from making repairs and putting the mill in running order. While things were in this condition the County Court of Franklin County, apparently apprehensive that in consequence of the deepening of the slough the water would leave the main channel of the river to such an extent as to rise in the slough and injure the trestle-work of the road which crossed the slough, made various orders, from time to time, to their road-officers in regard to the dam of the respondents, with a view of ascertaining its effect and taking precautions to preserve the road. A flat-boat used by the respondents had drifted down against the trestle-work, and the testimony tended to show that the action of the water at this point was injuring the road where it crossed the slough. The road commissioner reported to the County Court, recommending that the slough be filled up; and in January, 1869, the County Court ordered that one Lucy superintend the repairing of the road and fill up the gap bridged by the trestle-work where the latter crossed the mill-race. In spite of the remonstrance of the respondents, who protested that the County Court had no power to do it, the mill-race was filled up, and Lucy was by order of the County Court paid for his services. A demurrer to evidence was overruled, and a verdict given for the respondents.

It is not easy to ascertain the precise legal ground upon which the respondents base their claim to recover. In the petition there is no averment of fact connecting the county of Franklin with the injury complained of; nothing to explain what is obviously mere inference, — the alleged doing of the injury by the county. The position of the respondents appears to be, that, as by the general statutes the bridges and public roads of the county are under the care of the County Court, the County Court was the agent of the county; and that, though the proceedings may have been irregular, the County Court, which made the order for filling up the gap, in this case had jurisdiction over the subject-matter. But if it is granted that the County Court in making the order and directing its execution was acting within the general line of its authority, this does not advance the respondents' position. The act of the County Court which led to the injury can be regarded from only two points of view: either it was a wrongful or negligent way of putting or keeping in repair a county road, or it was a wanton and unauthorized trespass on private property. If the latter, the individuals might be responsible, but the county is not. If the former, as the respondents seem to contend, the appellant is not liable, for the reason that the County Court was performing functions imposed upon it by the general road-laws of the State, and was acting for the State, not for the county. *Reardon* v. *St. Louis County*, 36 Mo. 555; *Murtaugh* v. *City of St. Louis*, 44 Mo. 479; *Ray County* v. *Bentley*, 49 Mo. 236; *Saline County* v. *Wilson*, 61 Mo. 237. The case of *Hannon* v. *County of St. Louis*, 62 Mo. 314, in no way helps the position of the respondents. In that case the act of the Legislature was special, as was the duty imposed, and the decision was put upon the ground of an express or implied acceptance of the undertaking. Here the duties were imposed by general laws, and there was nothing in the nature of acceptance.

The principles upon which exemption of the municipality depends where public duties are imposed by the State, and where, in performing the duties, the officers act for the State, though within particular districts, are critically discussed in *Maximilian* v. *Mayor*, 62 N. Y. 160. See also *Hafford* v. *New Bedford*, 16 Gray, 297; *Fisher* v. *Boston*, 104 Mass. 87. In the present case, however, the rule of *respondeat superior*, as applied to the appellant, has no application, for reasons additional to those existing in the cases cited. Not only was Lucy, who actually did the work, not the agent of the county, but the injury did not arise from any negligence of Lucy in not doing, or in badly doing, work which was done. The servant here exactly executed the order. The injury arose from the order, and its execution as ordered. From some of the evidence it might be inferred that the act complained of was attributable to a mistake of judgment as to the proper means of preserving the road, and from a misconception of duty, while from other parts of the testimony the conclusion would arise that the act was a wanton and unnecessary destruction of the respondents' property under pretence of legal authority; but upon no theory of law which the evidence will support can the county be liable for the act of the County Court in ordering the race to be filled.

The judgment of the court below will be reversed and the suit dismissed. All the judges concur.