Mr. Justice James
delivered the.opinion of the Court:
This is a petition for divorce. The complainant alleges that she is a resident of Baltimore, in the State of Maryland ; that the defendant is a resident of this District; that they were married here in October, 1877, and cohabited here, as. man and wife, from that time until she was deserted by the defendant; that the defendant willfully deserted her here on the 26th of June, 1886, and that afterwards she and her mother returned to Baltimore, where they have since resided. The defendant was served personally, and the cause was duly referred to an examiner and proof taken. Upon the hearing the equity court dismissed the petition “ on the ground that the complainant is a non-resident.” The cause is now here on an appeal.
The only question to be considered is, whether this court has jurisdiction to grant a divorce in the case stated in the petition; in other words, whether, in order to give us jurisdiction, the petitioner must be a resident of this District.
The Act of 1860, now embodied in sections 731-749 of *432 the Revised Statutes of this District, is singularly incomplete in reference to this subject. The following are the only provisions in which the residence of parties is mentioned.
Section 735 provides that:
“If it shall appear by the affidavit of a disinterested witness that the defendant is a non-resident of the District, or has been absent therefrom for the space of six months, the court, after the return of one summons not found, may authorize notice of the pendency of the petition to be given ■ by publication, in such manner as it shall direct.”
Section 736 provides that:
“The court shall proceed to hear and determine such cause -whenever such summons shall have been served twenty days, or such publication made forty days before the commencement of the term.”
Section 740 provides that:
“No divorce shall be granted for'any cause which shall have occurred out of the District, unless the party applying shall have resided within the District for two years next preceding the application.”
It is urged on the part of the petitioner, that these indications of the intention of Congress, touching the residence of parties, are so meagre, that we are left to determine the question of jurisdiction wholly upon principles of general jurisprudence; and that upon these principles we have jurisdiction if the marriage status is here in the person of either party, whether plaintiff or defendant. We think, on the contrary, that the question is determined by construction of the statute; although that process is aided by general principles of jurisprudence relating to the subject of status.
. The argument is brief. In order that a legislature should liave power to give and the courts should have jurisdiction to apply such control over the status of marriage as will be recognized internationally — and that, of course, is the intent *433 of every divorce law — that status must be within the legislative and judicial jurisdictions by means of the domicile of at least one of the parties to it. Section 735 makes it immaterial whether the defendant is domiciled here; so it follows that it is upon the complainant’s domicile that the jurisdiction of the court depends. We hold this to be conclusive.
But if that construction needs support, it is supported by a general principle. A local law furnishing relief in a matter of status is understood to be made only for the benefit of persons residing under it animo munencli; unless it expressly includes, as the divorce laws of some States do, the status of non-resident applicants. The petitioner is the person for whom the relief is provided ; so that, upon this principle, a divorce law is understood, in the absence of an expressed intent to the contrary, to be for the relief and benefit only of petitioners domiciled here.
It has been suggested that section 740, which requires a residence of two years in this District, when the cause of divorce occurred out of it, implies that that is the only case in which residence at all is required. If the statute had contained no other indication of the intent of the legislature, such a construction might be reasonable; but we have seen that there is an indication to the contrary in the sections to which we have referred ; and we are not to bring the two provisions into conflict. We are required to harmonize them if we can.
And this is done readily and naturally by construing the statute to moan that, while it intends that the petitioner shall be a resident in all cases, it requires no particular length of residence as a proof of animus manendi, if the cause of divorce occurred within the District; but that, in order to prevent a resort to this District merely for the purpose of escaping from obstacles existing elsewhere, and with only a pretended purpose to remain here, the statute exacts two years of residence, as a guaranty that the petitioner has actually come here to make a home. When the *434 cause occurs here, inasmuch as there is no reason to apprehend that residence has been taken up merely for the purpose of escaping obstacles existing at the petitioner’s original domicile, it was deemed safe to accept ordinary 'proof of an intent to remain.
As we have indicated, our statute requires actual residence as evidence of domicile, and the jurisdictional neces sity for residence is not satisfied by imputing to a wife the domicile of her husband resident here. The capacity of a wife to have a separate domicile is recognized in the matter of divorce, and when the fact appears to be that she is abiding in another State animo manendi, all ground for holding the husband’s domicile to be her’s is taken away. Her abode in another jurisdiction is therefore recognized as non-residence in law as well as in fact.
That imputed domicile is unavailing when the statute requires actual residence, is not only plain on principle, but has been established by sufficient authority. It. was so held in New Hampshire, Hopkins vs. Hopkins, 35 N. II., 474; in North Carolina, Schunwald vs. Schunwald, 2 Jones Eq., 367 ; in Missouri, Pate vs. Pate, 6 Mo. App., 40, and in Wisconsin, Dutcher vs. Dutcher, 39 Wis., 651, 659.
In the present case, the petitioner states that, while the defendant remained here after deserting her here, she had selected and still maintains a separate domicile and actual residence in Maryland. Under our status she is a stranger to our jurisdiction, and is .not a party to whom we are authorized to afford relief.
In coming to this conclusion we have not failed to observe - that a contrary view of this statute was taken by this court in the case of Smith vs. Smith, 4 Mackey, 255. We have examined this question only the more carefully because that decision was made; and it is proper to add, that inasmuch as the submission of the case on printed argument gave us the opportunity to do so, the present conclusion is reached after consideration by all the judges, and is unanimous. The decree of the equity court is affirmed.