St. L., C. G. & F. S. R'y Co. v. Wayne County.

St. Louis, Cape Girardeau & Fort Smith Railway Company, *Appellant*, v. Wayne County.

Division Two, December 4, 1894.

1. **County Courts:** SWAMP LANDS. County courts in disposing of swamp lands are agents of the county with limited powers defined by law, and their acts in excess thereof are void.

2. ———: ———: CONTRACT. While county courts are authorized to contract to drain and reclaim swamp lands (R. S. 1879, sec. 6152), yet, under the pretense of doing so, they can not donate such lands to a railroad to aid in its construction. (*Railroad v. Hatton, 102 Mo. 45, affirmed.*)

*Appeal from Iron Circuit Court.*

Affirmed.

*M. R. Smith* for appellant.

(1) The county owning swamp lands has the power to have the same drained and reclaimed for settlement. R. S. 1889, secs. 6461–6463; *State ex rel. v. Wayne Co.*, 98 Mo. 366; *Railroad v. Hatton*, 102 Mo. 53. (2) Counties can make contracts concerning swamp lands within their limits, such lands being at the disposal and under the management of the counties through their proper officers. R. S. 1889, sec. 3157; *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *State ex rel. v. Wayne Co.*, 98 Mo. 367; *Mills v. Railroad*, 107 U. S. 578. (3) A contract entered into in writing, embracing a subject-matter about which a county has power to contract, is binding upon the county contracting. *Saline County v. Wilson*, 61 Mo. 237; *Maupin v. Franklin Co.*, 67 Mo. 331; 2 Dillon on Mun. Corp. [3 Ed.], sec. 935; *Babcock v. Goodrich*, 47 Cal. 488; 4

Am. and Eng. Encyclopedia of Law, 360. (4) Plaintiff holds that the court should have given the instructions asked by it, and refusing to do so committed reversible error. The instructions refused properly interpreted the contract sued on in this behalf. *State ex rel. v. Wayne Co.*, 98 Mo. 362. (5) Is there any law to protect a county in refusing to comply with its part of its contract, having received the benefits of its performance? The contract being for the reclamation of swamp lands in Wayne county—a subject-matter concerning which a county can contract—the work being done under the contract, and the land reclaimed for cultivation, should not the county be compelled to pay the contract price for such work and expense in having it done?

*M. M. Sheets*, Prosecuting Attorney, and *Dinning & Byrns* with *John H. Raney* for respondent.

(1) The trial court committed no error in the trial of this cause and the judgment is for the right party and we submit that it ought to be affirmed. (2) Defendant's plea of *res judicata* prevailed in the trial of this cause and rightfully too, for the *Hatton case* is a complete adjudication of the subject-matter of this action and between the same parties. *Railroad v. Hatton*, 102 Mo. 45. This decision is a correct exposition of the law as applicable to the contract in question and was approved by this court in *Brown Estate Company v. Wayne Co.*, 123 Mo. 464. (3) Appellant has abandoned its *quantum meruit* count and stands upon the contract; this virtually withdraws instructions numbers 3 and 4 asked by appellant, for they are upon the *quantum meruit* theory. Instructions 1 and 2 were properly refused; these instructions are in the face of the *Hatton case* and the *Brown Estate Company case, supra.*

BURGESS, J.—This is an action upon a written contract, entered into on March 14, 1882, by and between the Cape Girardeau Southwestern Railway Company, of the first part, and the county of Wayne of the second part, the county at the time acting through the county court. The contract, leaving off the formal parts, reads as follows: ''Whereas, the Cape Girardeau Southwestern Railway has this day bought all the remaining and unsold swamp and overflowed lands belonging to Wayne county, state of Missouri, for the price and sum of $1.25 per acre, the total amount of acres of yet unsold land being in the aggregate, as near as can be ascertained, nine thousand, five hundred acres, and the aggregate price therefor $11,875; and whereas, the said county of Wayne has caused a patent or deed to be made and executed to said Cape Girardeau Southwestern Railway Company for said swamp and overflowed land, but which said patent or deed has been placed in the hands of James F. Hatton as an escrow, and is to be delivered to said railway company when it shall have paid for said land as is in this contract hereafter fully and particularly set out.

''And, whereas said railway proposes to do certain work, to drain, reclaim and protect said land from the overflows of the St. Francois and Castor rivers, for the price and sum of $11,875, and which is a low charge for said work; and whereas, said proposed work will open up to settlement and cultivation a large portion of the southern part of this county, now practically of no value, and also promote the health of the county by a drainage of said lands; now, therefore, in consideration of said premises, and other valuable considerations, this contract entered into between the said county of Wayne, by order of its county court, duly

entered of record, at the February special term, or adjourned term, and the Cape Girardeau Southwestern Railway Company.

"Witnesseth, that the said county of Wayne agrees to pay said railway company the sum of $11,875, said sum being the price of nine thousand, five hundred acres of swamp land sold to said railway company at $1.25 an acre, and a deed or patent to which said lands has been made and executed by said county of Wayne this day, and delivered to James F. Hatton, as an escrow, and to be by him delivered to said railway company when said railway company shall have fully performed and done the work hereinafter to be specified, and which said deed, or patent, shall be in full and complete payment for and on account of said work, without any other or further demand of payment for or in that behalf; and said railway company expressly covenants that it will not make any reclamation against said county for any defect or imperfection of title hereby conveyed or any part thereof. And said Cape Girardeau Southwestern Railway Company contracts, agrees and undertakes, in consideration of said sum of $11,875, so to be paid as aforesaid set out:

"*First.* To erect, build and maintain a levee from some point on the boundary line, on the east side of said Wayne county, and in township 27, to be selected by it, the said railway company, a levee or dam across that part of Wayne county known as Mingo swamp, to the high land on the west side of said swamp, to such point on the said opposite side as said railway company may deem best suited in that behalf —said levee, so erected, to have a top, or crown, of not less than twelve feet, and a base to be in proportion; and further, said railway company agrees to open continuous ditches along said levee on both sides, if necessary, to drain said land; it is, however, dis-

tinctly understood that the said railway company, if it shall deem it advisable, may build trestle, or drive piling, or build bridges, at any point or points along said levee where it shall be deemed advisable by it so to do; and that the said county of Wayne will not object or except to the fact that the said levee is not a complete earth embankment; but, on the other hand, the said railway company expressly agrees to drain the surface water when necessary into said places where it may have erected said trestle work, piling or bridging; and it is distinctly understood that it is discretionary in said railway where it may wish to erect and maintain said trestle, piling or bridging.

"*Second.* Said railway company agrees that it will do said work within two years from date of this contract, and also that within said time, in order to secure the permanency of said levee and work, it will build and operate upon said levee so thrown up and built by it, a railway, and to extend said railway in a continuous line through said township 27, in Wayne county, to some eligible point on the St. Francois river in said township.

"*Third.* And said railway company further agrees to cut down the timber on said line selected by it one hundred feet wide across said swamp to the county line.

"*Fourth.* And said railway company covenants that if it shall extend its line in a westerly direction, that it will so extend the same through township 27, in Wayne county.

"*Fifth.* And it is further agreed, mutually, by said parties, that if the said railway company shall not, within two years from date, build said levee and extend its railway to the St. Francois, in township 27, in order to secure its permanency across the same, that the said deed or patent now in the hands of James F. Hatton as

an escrow, shall be surrendered back to the said county court of Wayne, to be by.it canceled and for naught held. And, further, that the said railway company shall not be entitled to any pay or compensation for any work it may have done or performed in and about the building of said levee or digging of said ditches as aforesaid, if it fails, neglects or omits to do said work within the time aforesaid.

"*Sixth.* It is further understood that the building of said levee as aforesaid, and laying the iron over the same, and through said township, to any point in said township, within one mile of the channel of said St. Francois river, shall be considered as having performed the contract on the part of said railway company, and that as soon as said levee is built and railway operated thereon, to secure its permanency, to said St. Francois river, as in this article set out, that the said James F. Hatton shall at once, without further order, decree or act, deliver the said deed or patent to said railway company.

"*Seventh.* It is agreed by the said railway company that the said work of building said levee, as in this contract set out, shall be done and performed under the direction of Wm. A. Penny, as commissioner of Wayne county, but that the county shall not be liable to pay the compensation or any compensation to said Penny in that behalf."

The amount claimed is the value of nine thousand, five hundred acres of swamp land, at $1.25 per acre.

While the contract was entered into by plaintiff under the name of the Cape Girardeau Southwestern Railway, plaintiff subsequently changed its name to the St. Louis, Cape Girardeau and Fort Smith Railway Company, and is in fact the same party.

Defendant in its answer pleaded the adjudication and decision in *Cape Girardeau Southwestern Railway*

*Co. v. Hatton,* 102 Mo. 45, in bar of this action, which plea was sustained, the petition dismissed, and final judgment rendered against plaintiff for costs, from which it appealed.

In the *Hatton case,* it was held that the contract here sued on was merely an attempt to donate the lands therein described to the plaintiff, in consideration of the building and operating its road; was not a contract to deed the lands, which are swamp, for draining and reclaiming them, and that, as the county court in disposing of the land were but the agents of the county, with powers limited and defined by law, their acts were in excess of their powers, and the contract void.

It is insisted by counsel for plaintiff that the decision in that case is wrong and ought to be modified.

That the county court possessed the power to have the swamp lands belonging to the county drained and reclaimed, so as to render them tillable, is perfectly clear, as such authority was conferred upon it by the express provisions of section 6152, Revised Statutes 1879; but they had no right to donate the lands for the purpose of building a railroad, or for any other purpose. They are held by the county in trust for the school fund, and they can not be sold for any other purpose, but must be sold in the manner and for the purposes indicated by the law concerning swamp lands. *Sturgeon v. Hampton,* 88 Mo. 211; *State ex rel. Robbins v. County Court,* 51 Mo. 84.

While the preamble to the contract seems to have been an effort to disguise its real nature and legal effect, it needs but a casual reading of the contract to convince the mind that it was an effort on the part of the county court to donate the land for the purpose of aiding the construction of plaintiff's railroad, and not a sale for the benefit of the school fund, nor for draining. That this is the proper and only reasonable construction to

be placed upon the contract seems to us perfectly clear. And as was said in the *Hatton case:* "No claim is made that the Wayne county court had any authority in law to convey these lands to the company for the consideration that it would build its road along the designated route, and that is what was done and all that was done in this case. The county courts in disposing of swamp lands are but the agent of the counties, with powers limited and defined by law, and, when they step outside of the law, their acts are void. *Saline County v. Wilson*, 61 Mo. 237; *Sturgeon v. Hampton, supra.*"

The *Hatton case* was followed and approved by this court in *Brown Estate Co. v. Wayne County*, 123 Mo. 464, and we think it correct upon both principle and authority.

Precisely the same issues were involved in the *Hatton case* as in this, and the plea of *res judicata* was properly sustained. The judgment is affirmed. All of this division concur.