Moss *et al.* v. Kauffman *et al., Appellants.*

Division Two, December 3, 1895.

1. **County**: SUBSCRIPTION TO RAILROAD STOCK: SWAMP LAND: STATUTE. A county has no authority under General Statutes, 1865, chapter 63, section 20, to convey its swamp lands in payment of its subscription to railroad stock.

2. **Practice**: EVIDENCE: HARMLESS ERROR. The admission of immaterial evidence not prejudicial is not a cause for the reversal of the judgment.

3. **County**: VOID CONVEYANCE: SWAMP LAND. Where a county by a void conveyance transfers land in payment of a subscription made by it for railroad stock but such stock was subsequently repurchased from the county for a money consideration, a deed to the same lands, executed in good faith by the county, for which part of the consideration was the money so paid to it, is valid.

4. **Tax Deed**. A deed on a sale for taxes assessed against one to whom the county had made a void conveyance conveys no title.

5. ———: COLOR OF TITLE. Such deed may, however, constitute color of title.

*Appeal from Bollinger Circuit Court.*

*J. D. Potter* for appellants.

(1) The deed from the county of Bollinger to Mr. Allen and the payment by Mr. Allen of the railroad stock to the county all took place after the lands had been patented to the county by the state, under the act approved March 10, 1869. Under that act the county

had full power and control over the land patented to it, to sell and dispose of it in like manner, and with like effect as then provided by the general statutes in relation to the conveyance of real estate belonging to the county. Act of 1869, p. 66, sec. 6.   (2)   The only law then in force fixing any price per acre for which swamp land should be sold, was the swamp land act, approved March 27, 1868.   Section 3 of that act declared that no land should be sold under its provisions for less than $1.25 per acre, within five years from the first day of January, 1866.   Mr. Allen having bought the land from the county on April 4, 1870, this limitation as to the price had not expired.   But the law applied to public sales only, and not to private sales as this sale was.   Acts of 1868, p. 68, sec. 3; *Pool v. Brown*, 98 Mo. 675.   (3)   An act is *ultra vires* when no power exists to perform it under any circumstances, which was not the case here.   The statute gave the power to act; hence the latter was not void *in toto* nor at all. *Miners Ditch Co. v. Zellerback*, 37 Cal. 543; *Wilkenson v. Allen*, 67 Mo. 502.   (4)   The deeds passed the legal title under the facts of the case and the county and plaintiff are estopped to deny their validity. *Dunklin Co. v. Chouteau*, 120 Mo. 577.

*Phillips, Stewart, Cunningham & Eliot* and *M. R. Smith* for respondents.

(1)   Deed from Bollinger county to Thomas Allen, recorded May 9, 1870, embracing land in dispute, was void for the reason that the county had no power to subscribe swamp lands to a railroad company, nor to accept railroad stock in payment for such lands; and the deed shows on its face that the land was subscribed, and that railroad stock was accepted in payment for it by the county.   *Sturgeon v. Hampton*, 88 Mo. 211;

*Walcott v. Lawrence County*, 26 Mo. 272; *Railroad v. Hatten*, 102 Mo. 55; *Saline County v. Wilson*, 61 Mo. 237; *Railroad v. Wayne County*, 125 Mo. 357; Session Acts, 1868, p. 69, sec. 3; Session Acts, 1869, p. 67, sec. 6; Session Acts, 1874, p. 101, sec. 1; *Steines v. Franklin County*, 48 Mo. 167. (2) Was Thomas Allen or his heirs entitled to have their money back, paid the county of Bollinger, under the circumstances—it being admitted that there was no fraud in the transaction between the said Thomas Allen and the county? Respondents admit that he or his heirs were entitled to the money paid, as it was their money and not the county's, for the county never had any title to the stock; had no power to take it for swamp lands. *Shroyer v. Nickell*, 55 Mo. 264; *Henry v. McKerlie*, 78 Mo. 428; *Evans v. Snyder*, 64 Mo. 516; *Schafer v. Causey*, 76 Mo. 365. (3) Houck and Brown, by their purchase from the heirs of Thomas Allen, deceased, were subrogated to their rights, and the money that had been paid to the county by Allen became their money, as the facts and circumstances disclose by the offers made in rebuttal by plaintiff. *Smith v. Schneider*, 23 Mo. 447; Pomeroy's Equity Jurisprudence, sec. 1047; *Clark v. Bank*, 57 Mo. App. 479; 24 Am. and Eng. Encyclopedia of Law, p. 190, note 2; *Moore v. Lindsey*, 52 Mo. App. 479. (4) The county court had the power to sell the land to Brown and Houck, and convey to them the legal title thereto, as no title whatever had passed out of the county to Allen, the deed to him being void. *Ray Co. v. Bentley*, 49 Mo. 236; Session Acts, 1868, p. 69, secs. 3 and 4; Session Acts, 1869, p. 67, sec. 6; *Sturgeon v. Hampton*, 88 Mo. 203; *Prior v. Scott*, 87 Mo. 303; *Pool v. Brown*, 98 Mo. 684. (5) The assertion of Justice BRACE in the last case, that the price fixed by statute of $1.25 per acre only applied to public sale of such lands, can not be maintained, and is against the spirit of all

general swamp land acts.   9 Bacon's Abridg. p. 251;
*New River Co. v. Graves*, 2 Vern. 431; Blackwell on
Tax Titles, p. 631; Potter's Dwarris, p. 189; *State ex
rel. v. King*, 44 Mo. 285.   (6)   Whybark and Rose,
purchasers at sheriff's back tax sale, through whom
appellant claims, got no title at such sale, as the judg-
ment debtor, Thomas Allen, in the tax suit, had none.
The land was swamp land and the title was in the
county and should not have been assessed.   R. S. 1879,
sec. 6717; *Carter v. Phillips*, 49 Mo. App. 321; Black
on Tax Titles, sec. 463.   (7)   The circuit court that
rendered judgment for the supposed taxes never acquired
any jurisdiction over the land; the county was the
owner and not Allen.   *Allen v. McCabe*, 93 Mo. 144;
*Wheelen v. Weaver*, 93 Mo. 432.   (8)   It may be ad-
mitted that the void deed from the county to Allen
was sufficient to constitute a color of title; but on the
question of adverse possession the jury found against
appellant.   Adverse possession.   *Bartlett v. Keuder*,
97 Mo. 359.   Verdict of the jury conclusive.   *Reed v.
Ins. Co.*, 58 Mo. 423; *Bank v. Armstrong*, 92 Mo. 279;
Elliott's App. Proc. sec. 724, p. 679.

BURGESS, J.—Action of ejectment for a tract of
swamp land.

The land was patented to Bollinger county by the
state as swamp and overflowed land August 4, 1869.
Both parties claim under this title.   Defendant also
relied upon the statute of limitations as a defense.
Plaintiffs' claim title under a deed from Bollinger
county to William Brown and Louis Houck dated May
13, 1887; and by deed from Brown and Houck to
J. T. Moss, deceased, ancestor of the plaintiffs Moss,
dated April 14, 1888.   Defendant Kauffman claims
under deed from Bollinger county by Philip Sutherlin,

swamp land commissioner, to Thomas Allen, dated April 6, 1870, and by subsequent mesne conveyances to defendant Kauffman, all of which were quitclaims, except a deed from the sheriff of said county to A. T. Rose and Moses Whybark, made under a judgment for taxes against Thomas Allen and said land which was rendered in the circuit court of said county on the thirteenth day of September, 1879.

The suit was begun in the name of Thomas J. Moss who has since deceased, when it was revived in the name of the plaintiffs, who are his heirs, and legal representative. Defendant McMillan was the tenant of his codefendant Kauffman.

The case was tried before a jury, who found for plaintiffs. Defendants in due time thereafter filed their motion for a new trial which being overruled they appealed.

When defendants, in support of their defense offered in evidence the deed from Bollinger county to Thomas Allen as legal title to the land in question, upon objection being made by plaintiffs it was not permitted to be read for that purpose but was permitted to go to the jury as color of title only, and in this, it is argued, there was error.

That deed was made in pursuance of an order of the county court of Bollinger county to Allen as the legal representative of the St. Louis & Iron Mountain Railroad Company in payment of stock subscribed by said county to said company for which stock of said company was accepted by it in payment for said land. It was, therefore, void and of no effect, and all persons purchasing under it were bound to take notice of its infirmities. No extrinsic evidence was necessary to show its invalidity which appeared from its recitals.

By section 20, chapter 63, General Statutes, 1865, it is provided that, "any county subscribing for rail-

road stock, which shall have internal improvement funds or overflowed or swamp lands granted to it by the state, may apply such funds or mortgage or sell such overflowed or swamp lands to pay such subscription, or any part thereof, and provide for the remainder, if any, by the tax as aforesaid; and any county, city, or town subscribing as aforesaid, may (if so required by the railroad company, to raise funds to pay the installments in anticipation of the collection and payment of its railroad tax) issue the bonds of such city, county, or town, of denominations not exceeding $1,000, and bearing interest at a rate not exceeding seven per cent per annum."

The only power conferred by this section on any county subscribing for railroad stock is to apply its internal improvement funds or mortgage or sell its overflowed or swamp lands, if it have any, to pay such subscription, or any part thereof, and provide for the remainder, if any, by taxation. No power was given to subscribe its swamp lands or to receive the stock of any railroad company in payment therefor. Power to mortgage does not confer the power to sell. Counties to which swamp and overflowed lands have been granted by the state hold them in trust for the public school fund and can only dispose of them as pointed out by statute. "Their powers are limited and defined by law. These statutes constitute their warrant of attorney. Whenever they step outside of and beyond this statutory authority their acts are void. *Saline County v. Wilson*, 61 Mo. 237; *Wolcott v. Lawrence County*, 26 Mo. 275; *Steines v. Franklin County*, 48 Mo. 167. Persons dealing with such agents are bound to take notice of their powers and authority." *Sturgeon v. Hampton*, 88 Mo. 203; *Railroad v. Hatton*, 102 Mo. 45; *Railroad v. Wayne County*, 125 Mo. 351.

From what has been said it logically follows, that

the court erred in permitting plaintiffs to read in re-
buttal to the evidence introduced by defendants the
records of the suits of Ann R. Allen *et al. v.* Brown
*et al.;* of State *ex rel.* Board· of Education *v.* Ann R.
Allen *et al.;* and of State *ex rel.* W. K. Chander,
Prosecuting Attorney of Bollinger County *v.* County
Court of that County and the County Clerk, J. W.
Snider, and Louis Houck and William Brown.   The
defendants herein were not parties to either of them,
and the first one did not embrace the land in suit.
Besides, whatever title Kauffman had, if any, he ac-
quired before the institution of said suits.

But while this evidence was wholly immaterial it
is not perceived how it could have prejudiced the rights
of defendants, and the judgment should not be reversed
upon that ground.

After the certificates of stock of the county in the
railroad company had been delivered to the county,
Thomas Allen, by an arrangement with its county
court, took up or purchased from said county its stock
in the railroad company, paying therefor in cash the
sum of seventy cents on the dollar, amounting in the
aggregate to the sum of $10,850.   Subsequently, the
heirs of Allen (he being deceased) transferred to Brown
and Houck all of their interest in said money thus paid.
After this Brown and Houck purchased from the
county the swamp land formerly deeded by it to
Thomas Allen which included the land in question,
paying for the same $1.25 per acre, including the sum
paid by Allen, to which they had become entitled.
This arrangement was made with the county court upon
the theory that the deed by the county to Allen for the
land was absolutely void and passed no title, and that
he was in equity and good conscience entitled to have
refunded to him the price paid the county for the rail-

road stock for which the county had paid no consideration.

The arrangement between the county court and Allen with respect to the purchase of the railroad stock by him is admitted by counsel of defendant in his briefs to have been free from fraud and made in the utmost good faith by all parties, but the authority of the county court to adjust the matter as it did is seriously questioned. As Allen acquired no title to the swamp land by his deed from the county, no consideration passed from the county for its railroad stock, and as he paid a valuable consideration for the stock, which proved to be of no value, he was in equity entitled to have refunded to him the purchase money. To this right. Brown and Houck succeeded, and we can see no reason why the title thus acquired by them should not be upheld. Certainly this deed is not void.

As to the tax deed by the sheriff to Rose and Whybark to the land in suit, as Allen had no title at the time of the levy of the taxes, rendition of the judgment and sale of the land thereunder, it necessarily follows that no title passed by said deed to the purchasers, and it was correctly so ruled. The deed was at most only color of title, and for that purpose the court allowed it to be read to the jury.

The question of adverse possession seems to have been fairly submitted to the jury under appropriate instructions. Indeed, the action of the court in giving or refusing instructions upon that question has not been criticised.

The judgment is clearly for the right party and should be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.