JACOB S. SCHELL et al., Defendants in Error, v. CYRUS LELAND) et al., Plaintiffs in Error.

1. *Practice, civil — Orders of publication, facts authorizing — Statement of in petition or affidavit — Issue of in vacation, when allowable.* — Under the statute, relating to orders of publication (Wagn. Stat. 1008 § 13) when the facts authorizing publication were neither stated in plaintiffs' petition nor in an affidavit filed at the commencement of the suit, no order was allowable in vacation. Section 15 of the same chapter does not authorize an order of pub-

Schell et al. v. Leland et al.

lication in vacation at all, but intends that it shall be made by the Court at the regular return term. And an order of publication rendered, in vacation, on a sheriff's return that defendant was "not found," is a nullity.

2. *Practice, civil — Defective service, when waived and when not.* — An appearance and defense will be considered as a waiver of an imperfect return or defective service. But the appearance of a defendant for the especial purpose of moving the court to arrest a judgment constitutes no waiver of any valid objection which he has to defective process and service.

3. *Courts, inferior and local — Mechanics' liens — Situation of property, averment of petition as to.* — The Kansas City Court of Common Pleas was an inferior and local court. Under the act of March 2, 1859 (Sess. Acts 1858-9, p. 353, § 5), it had "concurrent jurisdiction with the Circuit Court to enforce mechanics' or other liens, in Kaw township. In a suit in that court on a mechanics' lien sought to be enforced against certain property in Kaw township: *Held,* that the petition not averring that the property was situated in that township was fatally defective. Where the judgments of local courts and courts of inferior jurisdiction are called in question, the record should show affirmatively all the facts necessary to give them jurisdiction, both of the subject-matter of the suit and of the parties to it.

### Error to First District Court.

*Wm. E. Sheffield,* for plaintiffs in error.

The petition should allege that the property upon which the lien was sought to be enforced, was situated in Kaw township. The Kansas City Court of Common Pleas is a court of inferior and limited jurisdiction, and could take nothing by implication, and nothing will be presumed in favor of its jurisdiction. (Bloom v. Burdick, 1 Hill, 139; Bridge *et al.* v. Bracken, 3 Chand. 75; Pelton v. The Town of Blooming Grove, 3 Wis. 310; Simmons v. De Barre, 8 Abb. Pr. 269; 1 Johns. Cas. 2; Walker v. Turner, 9 Wheat. 549, Curtis' ed., vol. 6, p. 178; McCormick v. Sullivant, 10 Wheat. 192; Statey v. Bank of America, 4 Dallas, 111; Kemp's lessee v. Kennedy, 5 Cranch, 185; Schulenberg *et al.* v. Bascom *et al.*, 38 Mo. 188; McCune *et al.* v. Hull *et al.*, 20 Mo. 596; Patrick *et al.* v. Abeles, 27 Mo. 184.)

*S. P. Twiss,* for defendants in error.

I. The order of publication was properly made by the clerk— it being his duty to issue such order at any time during vacation, upon the filing of the proper affidavit. (Gen. Stat. 1865, ch. 167, §§ 13-15; Pomeroy *et al.* v. Butts *et al.*, 31 Mo. 419.)

II. Even if this were not true, the appearance of Leland in in court, by attorney, cured and waived any defect or irregularity attending the order of notice or its publication. (Buxton *et al.* v. Arnold *et al.*, 9 How. 455; Powers v. Browder's Adm'rs, 13 Mo. 154; Davis v. Wood, 7 Mo. 162.)

III. The Kansas City Court of Common Pleas had jurisdiction over the subject-matter of the suit (Sess. Acts 1858–9, pp. 353–4, § 5, p. 355, § 15), and the court will take judicial knowledge of the fact that Kansas City is in Kaw township, Jackson county, State of Missouri. (Price v. Page, 24 Mo. 65; State v. Warrell, 25 Mo. 205, 212.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit instituted in the Kansas City Court of Common Pleas to enforce a mechanic's lien. Several irregularities appear in the record, but, from the view we have taken of the case, they require no special comment. The petition was filed with the clerk of the Common Pleas Court on the 22d day of December, 1866, and on the 24th day of the same month a writ of summons was issued, directed to the marshal of said court, and made returnable on the fifth Monday in April next ensuing. The marshal did not hold the writ till the return day, but, on the 8th day of February intervening between the issuance of the writ and the day set for its return, he returned the same with the indorsement that the defendant Leland was not found in Kaw township, Jackson county.

After this return, and in the same month (February), the plaintiff filed his affidavit before the clerk, in vacation, stating that the defendant was a non-resident, and asking for an order of publication, which was made out and issued by the clerk, and published, and proof thereof made at the April term. At that term an attorney appeared and moved that Wilhite, who appears to have had some interest in the matter, be made a party defendant, which was sustained. No answer was filed, and judgment was rendered for plaintiffs. After the rendition of the judgment, the defendant Leland appeared, and stated that his appearance was special for the purpose of moving the court to arrest

the judgment, on the ground that the defendant was never brought into court; that the order of publication was improperly entered by the clerk in vacation; and that the petition did not state facts sufficient to give the court jurisdiction of the subject-matter of the suit, because it failed to state that the premises in controversy were situated in Kaw township. This motion was overruled, and the case was then taken to the First District Court, where the judgment of the Common Pleas Court was affirmed.

The first question we will consider is the proceeding for obtaining an order of publication. The statute provides that in suits for partition, divorce, and attachment, and for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens, and all other liens against either real or personal property, and in all actions at law and in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court, if the plaintiff, or other person for him, shall allege in his petition, or file an affidavit, stating that part or all of the defendants are non-residents of the State, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves, so that the ordinary process of law can not be served upon them, the court or clerk, in vacation, shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, and, in suits in partition, describing the property sought to be partitioned, and requiring such defendant or defendants to appear on a day to be therein named, and answer the petition; or that the petition will be taken as confessed; and where the court shall be required to make an order of publication, returnable to the next term thereof, there shall not be sufficient time to make publication of such term, the court shall make the order returnable to the first term thereafter that will allow sufficient time for its publication. (2 Wagn. Stat. 1008, § 13.)

The above section is the only one where provision is made for the court or clerk, in vacation, issuing an order of publication.

The order can only be made by strictly complying with the statute ; for, in all cases where constructive notice is substituted for actual notice, strict compliance is required.   The section contemplates and directs that the facts which authorize the publication shall be either stated in the petition, or an affidavit embodying them shall be filed at the commencement of the suit.   This was not done in this case, and therefore no order was allowable in vacation under the foregoing section.   The fifteenth section of the same act enacts that when, in any of the cases contained in the thirteenth section, summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants can not be found, the court, being first satisfied that process can not be served, shall make an order as required in the thirteenth section.   But this section gives no countenance to the proceeding in the case at bar.   It does not authorize an order of publication in vacation at all, but intends that it shall be made by the court at the regular return term.   I conclude, therefore, that the publication was a nullity.

It is insisted, however, that there was an appearance by the defendants, and that if there was any error, it was waived.   If this were so, it would undoubtedly cure the defect, for an appearance and defense will be considered as a waiver of an imperfect return or defective service.   (Bartlett v. McDaniel, 3 Mo. 40 ; Barnett v. Lynch, id. 261 ; Evans v. King, 7 Mo. 411 ; Griffin v. Samuel, 6 Mo. 50 ; Hembree v. Campbell, 8 Mo. 572. )   But the record does not sustain this assumption.   The first movement upon the part of the defense states that the defendants appear and move that Wilhite be made a party.   It is evident that this motion was not made on behalf of Leland, and that the appearance was not intended to be made for him.   It seems to have been made by attorneys who represented Wilhite only, and Leland was not known on the record till he came in afterwards, and, by his own attorney, moved the court to arrest the judgment, for the reasons hereinbefore specified.   His appearance for that special purpose constituted no waiver of any valid objection which he had to the defective process and service ; for a party who is in court for one purpose, is not necessarily in court for any other

purpose. (Anderson v. Brown, 9 Mo. 638; Smith v. Rollins, 25 Mo. 408; Lincoln v. Hilbus, 36 Mo. 149.) I think that the objection raised was fatal, and that the motion should have been therefore sustained.

Another point has been urged in this court, and that is that the petition contained a fatal defect in not averring that the property on which the lien was sought to be enforced was situated in Kaw township. The Kansas City Court of Common Pleas is an inferior and local court, possessing only limited jurisdiction. The act amendatory to its establishment provides that it "shall have original concurrent jurisdiction with the Circuit Court to enforce mechanics' and other liens on real estate in Kaw township." (Acts 1858–9, p. 353, § 5.) In courts of general jurisdiction everything is presumed in their favor; not so with courts of limited and inferior jurisdiction. Local courts and courts of inferior jurisdiction must keep within the prescribed powers of their creation, and where their judgments are called in question, the record should show affirmatively all the facts necessary to give the court jurisdiction both of the subject-matter of the suit and the parties to it. The record in this case does not show that the court had any jurisdiction over the subject-matter.

Without pursuing the subject further, I am of the opinion that the judgment should be reversed. The other judges concur.