NELSON M. SMITH, Respondent, *vs.* MOORMAN HAWORTH, *et al,* Appellants.

1. *Statutes, Constitutionality of—Special Judge.*—The Act [Sess. Acts 1870, p. 200, § 15,] authorizing the appointment of a special judge to try a cause, when an application has been made for a change of venue on account of the prejudice, &c., of the judge of the court, is valid. [Harper vs. Jacobs, 51 Mo. 296, affirmed.]

2. *Statutes, Construction of—Special Laws—Departures from General Rules.*— Special laws, that give origin to new and unexpected departures from general rules, should be closely scrutinized, and the powers therein conferred strictly construed.

3. *Courts—Special Judges—Transcript.*—When a cause is tried by a special judge, appointed for that purpose, the transcript should show that the order of appointment was entered of record.

*Appeal from Jasper Circuit Court.*

*Montague & Thomas,* for Appellants.

I. The act of the Legislature, (Sess. Acts 1870, p. 200, § 15) to say the least, is of doubtful and dangerous propriety. The transcript fails to show that any record of the appointment of Phelps as Judge *pro tem,* was made.

*B. F. Garrison,* for Respondent.

Act of Legislature 1870, p. 200, section 14 and 15, together with section 42 same act, authorize the appointment of a Judge, *pro tem.*

Section 14, article 6, Missouri Constitution provides for the election of Judges and their qualifications, which is the same as section 9, article 7, Indiana Constitution. Upon this question the Supreme Court of Indiana seem to have given it a thorough examination, and after a careful compilation of the authorities, they lay down the broad but well settled rule that "Where the constitutionality of a statue is *merely doubtful* it is the duty of the Courts to sustain it." (6 Black. 299; 7 Ind. 326.)

In Indiana the law authorizing the appointment of a Judge *pro tem,* is held to be constitutional. (Starry vs. Winning, 7 Ind., 311; Ketchum vs. N., A. & S. R. R. Co., 7 Ind., 391; 5 Ind., 230.)

SHERWOOD, Judge delivered the opinion of the court.

This was an action brought in the Court of Common Pleas of Jasper county to foreclose a mortgage, and resulted in a judgment as prayed in the petition, and this case comes here on appeal of defendants, who, among other grounds, assign, as error in the action of the court below, the appointment of W. H. Phelps as Judge *pro tem.*, to try the cause. This point was passed upon by this court at its last January term, in the case of Harper vs. Jacobs, et al., in which it was held (Judge Ewing delivering the opinion), that the act of the Legislature, approved February 1, 1870, authorizing such appointment, was clearly within the scope of legislative authority, as a necessary incident of the discretionary power conferred on the Legislature by the Constitution, to establish inferior tribunals from time to time; and, therefore, that the act in question was not obnoxious to the charge of unconstitutionality. Section 15, page 200, laws 1870, of the act referred to, provides, that when an application for a change of venue shall be made because of the prejudice, etc., of the judge of the court, that it shall be lawful for him to appoint, " by an order of record, any duly licensed attorney-at-law of this State Judge *pro tem.* for the trial of the particular cause specified in said order."

An examination of the transcript filed here fails to disclose that any such order was ever *entered of record.* It is a very salutary rule, long sanctioned by reason, experience and authority, that these special laws, that give origin to new and unexpected departures from general rules, should be closely scrutinized, and the powers therein conferred strictly construed. (Schell vs. Leland, 45 Mo. 289.) Applying this rule here an easy and ready solution of the disposition to be made of this case is soon reached.

The entry of record in such a case constitutes at once both the authority of the special judge and the evidence of that authority, without which he is utterly powerless to act. It follows as an inevitable sequence from these premises, that the judgment must be reversed and the cause remanded.

The other Judges, except Judge Adams, absent, concur.