————O————

IN THE MATTER OF JEFFERSON COUNTY, Respondent, *vs.* JOHN EPES COWAN, *et al.*, Appellants.

1. *Public roads, opening of—County Courts—Circuit Court, appeal to—Re-examination.*—In proceedings to open public roads, the Circuit Court, on appeal from the County Court, shall proceed to hear and try the cause anew. (Sess. Acts 1872, p. 146, § 50; p. 148, § 71.)

2. *Inferior courts, circumscription of their powers—County Courts— Opening public roads—Petition.* — Inferior courts, and those of statutory origin, must be circumscribed within the confines of the statute, which gives them being. Hence, where a petition to the County Court, praying that a public road be opened, does not show that it was signed by at least twelve householders of the township or townships, in which said road is desired, three of whom were of the immediate neighborhood as required by statute (Sess. Acts 1872, p. 140, § 8), the County Court has no jurisdiction in the premises

*Appeal from Jefferson Circuit Court.*

*E. B. Cowan, & Jos. J. Williams,* for Appellants.

I. The Circuit Court erred in dismissing the appeal and refusing to try the case anew, upon the merits of the allegations of the appellants. (Sess. Acts 1872, p. 146, § 50.)

II. The petition has not thereto the names of three residents of the immediate neighborhood of the proposed road, as required by the statute. (Sess. Acts 1872, p. 140, § 8.)

*Pipkin & Thomas,* for Respondent.

I. The Legislature could not have intended to embrace, in the provision that any person-aggrieved might appeal (Sess. Acts 1872, p. 146, § 50), any person, who, having no personal rights affected, might think the road not of sufficient public utility to justify the County Court in ordering the road to be opened. (10 Mo., 364; 28 Mo., 37; 44 Mo., 216.) Then "any person aggrieved" means some person who is affected in some of his rights which are independent of those of the public. It is clear then, that the Circuit Court had no power to try anew the question as to the utility of the proposed road.

II. The sole objection of the appellants goes to the utility of the road, and they claim the right by the provisions of § 71 to try this question anew. But § 27 makes the report of the second set of commissioners final. This provision was intended to give the objectors to the utility of the road an opportunity to be heard, and to make their objections good if they could; but if they could not satisfy the second commission of the inutility of the road proposed, then they should not be heard afterwards to complain.

III. The appellants have failed to appeal from the assessment of damages, and are cut off from inquiring into the utility of the proposed road.

*John L. Thomas & Bro.,* for Respondent.

I. As to whether the proposed road will be of any public utility could not be tried anew in the Circuit Court for there is no provision of the statute, or common law, by which such

a question can be made a triable issue. And upon this question of utility the appellants are no more interested than other citizens, and they cannot have themselves made parties to this proceeding to try such an issue, either in the County or Circuit Court, for the want of interest, nor could they appeal that question. (10 Mo., 364; 28 Mo., 37.)

SHERWOOD, Judge, delivered the opinion of the court.

The proceedings in this case were instituted in the County Court of Jefferson county by certain petitioners, who prayed that a public road might be opened and established in that county from the mouth of Rock Creek, as its initial, to Jefferson Station, as its terminal point.

At the same term, at which this petition was presented to the County Court for its action, a remonstrance was presented also by Cowan, and others, setting forth many excellent reasons why the prayer of the petitioners should not be granted.

The court however appointed three commissioners, who made what they called a report, and thereupon Cowan, and others, renewed their objections, and the court then appointed three other commissioners, who likewise made a report, which is a perfect parallel to the first in its signal failure to lay any basis on which a valid order or judgment could be rendered. Cowan, and others, then filed objections to the petition and both reports, and offered testimony to establish those objections, but this was denied them. The report of the second commissioners was approved, and the proposed road ordered to be opened 30 feet wide, (the only place in the record where any width for that road is specified; although damages had been assessed).

The objectors then moved to set aside the order for opening the road, but this motion was overruled, and they appealed to the Circuit Court, which refused to try the cause anew, but on motion of respondent dismissed the appeal, and refused on motion of appellants to set aside the order of dismissal, and appellants, having saved their exceptions, bring this case here by appeal.

The Circuit Court unquestionably erred in dismissing the appeal, and in thus affirming the judgment of the County Court. Material modifications have been made in the road law as it existed under the act of March 23rd, 1868, by the act approved March 18th, 1872, (Sess. Acts 1872, p. 139). Sec tion 50 of the latter law expressly allows appeals in this class of cases, and § 71 of the same statute, with equal explicitness, provides, that on such appeals being taken "the Circuit Court shall be possessed of the cause, and shall proceed to hear and determine the same anew."

And the mere fact of that section prohibiting the Circuit Court from appointing commissioners, by no means detracts from the power conferred and the duty imposed on that court by the same section of re-examining the whole cause again, if necessary, on its merits.

This privilege of appeal to, and trial anew by, the Circuit Court in matters of this sort, is one of no small moment to the citizen, whose rights are most prone to be ignored or disregarded, as amply shown in the present instance, by the hasty and inconsiderate action of the inferior tribunals of the country.

And no doubt it was to prevent this very evil of having those rights thus finally concluded in a court of first resort, that the above cited statute of March, 1872, was passed.

This record abounds with almost numberless errors; but without stopping to comment upon or point them out, I will only advert to two, which are necessarily fatal to the application for the proposed road.

Section 8, of the act last referred to, provides that these applications must be "signed by at least twelve householders of the township or townships in which said road is desired—three of whom shall be of the immediate neighborhood."

No allegations of this character are found in the petition nor in the record. The County Court, therefore, had no jurisdiction in the premises. A more salutary rule does not exist, nor one longer sanctioned by reason, experience and authority, than that which circumscribes courts of limited powers and statutory origin within the confines of the statute which

gives them being, and pronounces all their acts void which over-step the narrow boundary. (Schell vs.Leland, 45 Mo., 289; Smith vs. Haworth, 53 Mo., 88.)

The judgment is reversed, and the petition dismissed. The other judges concur.