STATE ex rel. DANIEL RYAN, Collector, Respondent, v. W. COLES et al., Appellants.

St. Louis Court of Appeals, November 12, 1912.

1. DRAINAGE DISTRICTS: Organization: Publication of Notice. The statute relating to the organization of drainage districts by county courts (Art. 4, Ch. 122, Ann. Statutes 1906) contemplates that the notice by publication of the time of the hearing of the petition for organization and the report of the viewers thereon, provided for by Sec. 8281 of said article, shall not be issued until after the viewers, appointed pursuant to section 8280, have made their report.

2. ————: ————: Collateral Attack. An attempt to defeat the collection of assessments for the construction of a ditch by

a drainage district pursuant to Art. 4, Ch. 122, Ann. Statutes 1906, on the ground that the county clerk issued notice by publication of the time of the hearing of the petition for organization and the report of the viewers thereon *before* the viewers had made their report and thereby deprived the county court of jurisdiction to establish the district, is a collateral attack on the organization of the district.

3. COURTS: Inferior Courts: Jurisdiction: Presumptions. The general rule, that the facts necessary to confer jurisdiction upon a court of limited and inferior jurisdiction not proceeding according to the course of the common law must affirmatively appear on the face of its record, has no application where the law invests such court with authority to find the existence of the jurisdictional facts before it acquires or exercises jurisdiction; and it will be presumed in such case, when its acts are subjected to collateral attack, that it found the jurisdictional facts to exist.

4. DRAINAGE DISTRICTS: Organization: Collateral Attack. In view of Sec. 8288, Ann. Statutes 1906, providing that, in a proceeding to organize a drainage district, the county court, before examining and confirming the report of the viewers, etc., shall determine whether the required notice of the time of the hearing of the petition for organization and the report of the viewers thereon has been given, the establishment of a drainage district under a finding by the county court that the required notice was given is immune from collateral attack, and hence cannot be overthrown by a showing that the file mark indorsed by the clerk on the notice recites that it was issued *before* the viewers made their report.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Smoot & Cooley* for appellants.

(1) Defendants contend that the petition of plaintiff does not state a cause of action in this, that it fails to state the year for which the taxes were levied and assessed and for that reason the court had no jurisdiction to render the judgment rendered in the case. Lumber Co. v. Keener, 217 Mo. 522. (2) The notice to land owners issued by the clerk was issued without jurisdiction, because issued before the filing

of the report of the viewers, which alone gave him the right to issue the process; and therefore, the lands were never legally brought in for condemnation or taxation. Sec. 8257, Laws of 1905, p. 183; Cooper v. Gunter, 215 Mo. 558; Schell v. Leland, 45 Mo. 289; Wilson v. Railroad, 108 Mo. 588; State v. Huff, 161 Mo. 459; State ex rel. v. Taylor, 224 Mo. 393.

*D. A. Rouner* and *F. H. McCullough* for respondent.

(1)   The petition states a cause of action.   It recites the legal organization of the drainage district under Art. 4, Ch. 122, R. S. 1899, as amended by Laws of 1905, the levying of the tax on appellants' land within the drainage district; the making of the ditch tax book and the extending of the taxes thereon by the county clerk; appellants' delinquency in the payment of such taxes; sets out the amount of the taxes, and the year, 1908, for which levied and delinquent is likewise stated in the petition; pleads the certified taxbill, which is described in the petition and also attached to and made a part thereof; and finally prays judgment, enforcing the lien for said taxes.   State ex rel. v. Angert, 127 Mo. 456; State ex rel. v. Cummings, 151 Mo. 50; State ex rel. v. Fullerton, 143 Mo. 682.   (2) A drainage district is a public  corporation  and  the county court administers its entire affairs. The filing of the proper petition for organization of the drainage district invoked the jurisdiction of the county court, and in this instance the county court had general jurisdiction of the subject-matter of the organization and incorporation of the drainage district in question and of the administration of its affairs. State ex rel. v. Taylor, 224 Mo. 395; State ex rel. v. Wilson, 216 Mo. 215. (3) The filing of the petition for organization of the drainage in the county court, vested said court with jurisdiction of the entire subject matter, and it thereby

acquired jurisdiction over the lands and the persons of the owners of the lands affected by said proposed improvement, upon giving them statutory notice of the pendency of the petition. State ex rel. v. Taylor, 224 Mo. 458; Chadwell v. Curry, 93 Ind. 363; Smith v. Gifford, 99 Ind. 114; Drainage Dist. v. Railroad, 216 Mo. 709. (4) The action of the county court, in organizing a drainage district, when vested with jurisdiction, is a judicial act and when not appealed from, according to the statutory method, is conclusive and not subject to attack or review by defendant in a suit for the collection of back taxes. State ex rel. v. Wilson, 216 Mo. 215; State ex rel. v. Taylor, 224 Mo. 458; Lingo v. Buford, 112 Mo. 147; Union Depot Co. v. Frederick, 117 Mo. 138; Beck v. Hamilton, 130 Mo. 239.

NORTONI, J.—This is a suit on a taxbill. The finding and judgment were for plaintiff and defendant prosecutes the appeal.

The taxbill in suit was issued under the drainage laws in part compensation for the construction of a ditch by a drainage district organized in Knox county and incorporated under the statutes. Defendant refused to pay the taxes assessed against his lands within the drainage district and hence this suit upon the taxbill for the installment of taxes assessed for the year 1908.

It is first urged the petition is insufficient for the reason it does not set forth for what year the taxes evinced by the taxbill were assessed. Obviously, appellant has erred touching the fact upon which this argument is predicated, for the petition is clear with respect to the matter. It is set forth in the petition in plain and precise language that the taxes are due under an assessment made against the lands therein described in the year 1908. The point is not worthy of further consideration.

The principal argument advanced for reversal is to the effect that the notice of publication issued by the clerk of the county court in vacation during the period in which the drainage district was in process of organization was premature and, therefore, the entire organization of the drainage district is invalid. This argument proceeds from the fact that it appears in the record by a file mark that the report of the viewers appointed to view and report upon the practicability of the proposed drainage district was filed on July 19, and the notice of publication, which the law contemplates should be predicated thereon, appears from a recital on the notice to have been issued by the county clerk on July 11. Upon the petition being presented to the county court for the organization of the drainage district under the statutes (Sec. 8278 *et seq.*, Ann. St. 1906), and the preliminary proceedings thereon, the court appointed a board of three resident freeholders as viewers, or commissioners, to investigate the proposed district and report under Secs. 8280, 8281, 8284, Ann. St. 1906. The record discloses that the viewers, or commissioners, thus appointed, duly qualified and proceeded upon the discharge of their duties by filing with the county clerk a full and complete report touching the matter submitted to them. This report of the viewers is marked filed on July 19, and it appears from the date line on the notice the clerk issued the notice of publication, which the law contemplates should be predicated upon the report of the commissioners, or viewers, on July 11.

The statute (Sec. 8281, Ann. St. 1906) provides that after the report of the viewers is filed in the county court, as above provided, it shall be the duty of the court or, in vacation, the clerk thereof, by an order of record, to fix the time of the hearing of the petition and report of the viewers thereon, and to cause a notice to be given by publication by two insertions in some weekly newspaper of general circulation in the

county, of the pendency of the petition, etc., etc. Sec. 8287, Ann. St. 1906, also provides, upon the filing of the report of the viewers, the county clerk shall immediately set the hearing of the same for some day of the next regular term of the county court. This statute directs, too, that the clerk shall thereupon issue, in the name of the State, a notice, directed by name to every person returned by the engineer and viewers as the owner of every lot or tract of land affected by the proposed improvements or of any interest therein, etc.

When all of the provisions of the article touching the organization of drainage districts, and especially the statutes above referred to, are read together, no one can doubt that the law contemplates the court shall issue the notice by publication after the viewers have filed their report and not until then, for, indeed, such seems to be the express provisions of the statute. As before said, in the case before us, it appears from the file mark that the viewers reported their finding in the county court July 19, and it appears, too, from the date line on the notice that the clerk issued the notice of publication, which should have originated thereafter, on July 11. On this appearing, it is earnestly argued that the notice of publication so issued by the clerk, as of date July 11, was premature and wholly unauthorized, and it is said, too, that the jurisdiction of the county court failed in respect of the subject-matter, the organization of the drainage district, because of this fact. The argument goes to the effect that the issuance of the notice of publication by the clerk, after the report of the viewers, is jurisdictional and that, upon its appearing in the record that such notice was issued before the report of the viewers was filed, the whole proceeding touching the organization of the drainage district was invalid, and, therefore, the district was without authority to run an assessment of the tax upon defendant's land for benefits accrued and report it to the county authorities.

Obviously the proposition asserted presents a collateral attack upon the organization of the drainage district, and for that reason may not prevail. If the issuance of the notice of publication by the clerk goes to the jurisdiction, as contended, the time of the issuance of such notice was a jurisdictional fact *in pais,* which the county court is expressly empowered by the statute to find and determine for itself. Sec. 8288, Ann. St. 1906, touching this matter is full and complete. The statute reads: "The court shall first determine whether the required notice has been given. If it finds that due notice has not been given, it shall continue the hearing to a day to be fixed by the court, and cause the notice to be given as provided in section 8287; and when the court finds that due notice has been given, it shall examine the report of the engineer and viewers. . . ." From this it appears the court is to determine whether or not the notice of publication has been properly issued and given by the clerk, for it is said if the court finds such notice has not been properly given, the cause shall be continued in order that the notice may be given. On the contrary, if it is found by the court the notice has been properly given, then the court may proceed as further directed in the statute. It would be difficult to confer in few words more complete authority upon the county court to determine this fact pertaining to its jurisdiction to proceed. The judgment of the county court finds and declares as a fact that this preliminary notice was properly issued and given. It appearing, as it does, that the court possessed full power under the express provisions of the statute to determine this jurisdictional fact, the matter pertaining to the issuance of the notice is forever concluded against a collateral attack, by its judgment thereon.

Though the general rule requires that courts of limited and inferior jurisdiction, such as the county court, not proceeding according to the course of the

common law, should reveal affirmatively on the face of their records all the facts required by the statute to support their jurisdiction, it has been recently decided by the Supreme Court that an exception to the rule exists in those cases where the law, as here, invests the county court with authority to find the existence of such jurisdictional facts before it acquires or exercises jurisdiction in the premises. It is said in such cases the law presumes, when the matter is subjected to collateral attack, even in favor of a court of limited and inferior juridiction, that the inferior court found the essential jurisdictional facts to exist. [See State ex rel. v. Taylor, 224 Mo. 393, 461, 123 S. W. 892.] Indeed, the same court, in disposing of a question under the drainage laws very similar to the one here involved said, in State ex rel. v. Wilson, 216 Mo. 215, 277, 115 S. W. 549, as follows:

"The law of this State is well settled to the effect that records of courts of limited and inferior jurisdiction, not proceeding according to the course of the common law, must show affirmatively all the facts which the statute requires to be stated, in order to give the court jurisdiction of the parties and the subject-matter of the suit. [State v. Metzger, 26 Mo. 65; Hansberter v. Railroad, 43 Mo. 196; Schell v. Leland, 45 Mo. 289.] But that law, like most laws, has its well-defined limitations and exceptions; and one of the exceptions is this—that where such court, or a mere ministerial board for that matter, possesses under the law jurisdiction of a certain class of cases, and is required to find the existence of certain facts *in pais* in order to acquire jurisdiction of a particular case belonging to that class, the law will presume, in a collateral attack upon the judgment, that such facts did exist, and that such court or board passed upon them, as required by the statute. [State v. Dugan, 110 Mo. 138, etc.]"

In the case last cited, it was urged that the organization of the drainage district was invalid for the reason that the record did not show the court had caused the notice of publication to be given. In other words, in that case no notice of publication whatever appeared to have been issued, but notwithstanding this, the Supreme Court declared the organization of the drainage district valid as against a collateral attack, on the ground that the county court was authorized to find and determine as a jurisdictional fact *in pais* that the clerk had issued the notice before it proceeded to organize and equip the district with power. Under these authorities, it is entirely clear that whatever the filing marks may show with respect to the lodging of the report of the viewers with the county court and the date of the issuance of the notice of publication, the matter is immune from collateral attack, for no doubt the court investigated into the matter and ascertained that the clerk issued the notice of publication subsequently to the filing of the report on July 19, instead of July 11, as the date of the notice seems to suggest. To hold that the mere date line made by the clerk, an obvious ministerial act, on the notice revealing July 11 as the date of issue would impart absolute verity, would be to require us to reject as for naught the judicial finding of fact made by the court and recited in its judgment touching the same. The judgment is conclusive in this collateral proceeding. Obviously the entire organization and its indebtedness should not be overturned because a date line on a notice made by the clerk in his ministerial capacity conflicts with a solemn judgment to the contrary on the same fact.

We have examined the other questions presented by the appeal but do not regard them of sufficient merit to warrant discussion in the opinion. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.