J. H. TSCHUDY HARDWOOD LUMBER COM-
PANY, a Corporation, Respondent, v. HOTEL IN-
·VESTMENT COMPANY, a Corporation, ROSE
INVESTMENT COMPANY, a Corporation, and
COMMERCE TRUST COMPANY, a Corporation,
Executor of the Estate of J. A. ROSE, deceased,
Appellants.

**Kansas City Court of Appeals, February 7, 1916.**

1.  **JUDGMENTS: Motion to Set Aside: Irregularity.** The defend-
    ants appealed from a final order of the circuit court over-
    ruling a motion to set aside a judgment rendered against
    them about two years before.  The principal irregularities
    urged by defendants, are the failure of the record to show
    what attorneys were present at the alleged election of the
    special judge, who tried the cause; that as many as five were
    present, and that the attorney assumed to have been elected
    was there in attendance upon the court.  *Held*, that the pro-
    ceedings were according to law and that the requisite number
    of attorneys were in attendance, as was also the successful
    candidate.      •

2.  ———: **Election of Special Judges.** When the regular judge
    is disqualified or unable to hold any term or part of a term
    of court and fails to procure another judge to hold court in
    his stead, the attorneys of the court who are present and not
    less than five in number may elect one of its members then
    in attendance having the qualifications of a circuit judge to
    hold the election.

3.  ———: ———: **Presumption.** The presumption may well be
    indulged that the intelligent members of the bar will not elect
    any person who is disqualified to adjudicate their causes,
    and if there was the slightest reason why he should not act,
    some one of the numerous counsel herein would have dis-
    covered it.

Appeal from Jackson Circuit Court.—*Hon. James H.
Harkless,* Special Judge.

AFFIRMED.

*Johnson & Lucas* for appellants.

*Hadley, Cooper & Neel* for respondent.

JOHNSON, J.—Defendants appealed from a final order of the circuit court of Jackson county overruling their motion, filed January 28, 1915, to set aside a judgment rendered against them in said court November 7, 1913. The motion was filed pursuant to section 2121, Revised Statutes 1909, which allows a judgment to be attacked for irregularity by a motion made within three years after the term at which such judgment was rendered. The irregularity for which a judgment may be set aside under this section must appear on the face of the record. [State ex rel. v. Riley, 219 Mo. 667; Cross v. Gould, 131 Mo. App. 585.]

Defendants concede this rule and argue that the irregularity in question does so appear and is of such a character as to invalidate the judgment and subject it to attack by motion filed after the term at which it was rendered. The cause was tried without the aid of a jury before the Honorable James H. Harkless who sat as special judge in one of the divisions of the circuit court of Jackson county, pursuant to an election by the members of the bar present in court which was held by the clerk November 6, 1913. The record of the election and of proceedings of the court on that day is as follows:

"Be it remembered that on the 44th day of the regular September term, 1913, of this court, the same being Thursday, November 6, 1913, the Honorable D. E. Bird, judge, regularly presiding over this division of this court being absent and unable to hold court and not having procured another judge to hold court, the clerk of this court proceeds to hold an election among the members of the bar present and at said election the Honorable James Harkless is elected special judge, in accordance with the statutes of the State

of Missouri made and provided, and after taking, subscribing and filing with the clerk of this court his oath of office he, the said James Harkless, at once proceeded in the discharge of his duties.

There was also present: Edward Winstanley, sheriff, and James B. Shoemaker, clerk of the circuit court of Jackson county, Missouri, and the following proceedings were had and entered of record, to-wit:

'J. H. Tschudy Hardwood Lumber Company, Plaintiff,

v.                                          No. 74570

Hotel Investment Company, a corporation; Rose Investment Company, a corporation; and Commerce Trust Company, a corporation, Executor of the Estate of J. A. Rose, deceased, Defendants.'

Now on this day come the parties herein in person and by their respective attorneys and by agreement and stipulation between counsel, a jury is waived; witnesses are duly called and sworn and examined and the court proceeds to hear the evidence and testimony introduced.

Now the hour of adjournment having arrived and all the evidence not having been introduced, it is ordered by the court that the further hearing of this cause shall be continued until tomorrow.

It is now ordered that court do adjourn until tomorrow at 9:30 a. m.''

The principal irregularities urged by defendants are the failure of the record to show ''what attorneys were present at the alleged election . . . that as many as five were present . . . and that the attorney assumed to have been elected was there in attendance upon the court.''

Counsel for defendants argue that such facts are jurisdictional, must appear on the record of the election and cannot be supplied by evidence *aliunde,* and that, since they are not shown by the record, the election must be regarded as a nullity and the judgment rendered against defendants void.

The statutes providing for the election of special judges were enacted in 1877 (Laws 1877, p. 217, et seq.), and their pertinent provisions are as follows: When the regular judge is disqualified or unable to hold any term or part of a term of court and fails to procure another judge to hold court in his stead, the attorneys of the court who are present and not less than five in number may elect "one of its members then in attendance having the qualifications of a circuit judge to hold court for the occasion." [Sec. 3961, R. S. 1909.] The clerk must hold the election (Sec. 3962) and "the person thus elected shall, during the period he shall act, have all the powers and be liable to all the responsibilities of the circuit judge." [Sec. 3964.] He must "take and subscribe to the same oath required to be taken by a circuit judge, which shall be filed with the clerk" (Sec. 3966) and an entry of such election must "be made on the records of the court, together with the reasons therefor; and in case of a temporary judge being elected, the fact that the requisite oath has been taken and filed." [Sec. 3967.]

The rule has long been observed in this State that special laws, such as those just summarized, which give origin to new and unexpected departures from general rules pertaining to courts of record of general jurisdiction, must be closely scrutinized and the powers therein conferred strictly construed. [Schell v. Leland, 45 Mo. 289; Smith v. Haworth, 53 Mo. 88.]

In the case last cited an order appointing a judge *pro tem* under the act relating to applications for change of venue was not entered of record though the statute expressly required that it should be. The judgment rendered by the special judge was reversed and the cause remanded on the ground that an appointment not thus evidenced by the record was a nullity. "The entry of record in such a case," says the opinion, "constitutes at once both the authority of the special judge and the evidence of that authority,

without which he is utterly powerless to act." That decision was rendered in 1873, before the enactment of the law under consideration and the statutes to which it referred, of course, contained no other provision relating to the record of the appointment than that it should be "by an order of record." The statutes before us expressly designate what the record entry relating to the election shall contain and in so doing dispense with the recital therein of the details of the proceedings.

The facts which must appear are that a temporary judge was elected, the reasons therefor, and that he took and filed the requisite oath of office. [Sec. 3967.] As to all other essential facts the presumption of regularity is intended to be indulged until the contrary fact be shown. In State v. Miller, 111 Mo. l. c. 549, the Supreme Court refused to hold void the election of a temporary judge although the record of the proceedings failed to show the filing of the oath he had taken and subscribed to, but based the decision on the ground, not that the entry of the record of the election was sufficient, but that since the provision for electing a special judge is for the benefit of the public, justice and public policy require that the acts of such special judge shall be held valid so far as they involve the interest of the public and of third persons where the statutory reason for the election existed and the special judge is in possession of the office, acting under color of right.

In Green v. Walker, 99 Mo. 68, and State v. Gamble, 108 Mo. 500, the rule was applied that "the same presumptions of jurisdiction attach to the record of proceedings in circuit courts before special judges as before the regular judge," and the case last cited is directly in point. The record entry there did not recite that the temporary judge had the qualifications of a circuit judge—a fact the statutes make as essential to jurisdiction as the fact that five attorneys of

the court were present (sec. 3961). Applying the presumption of jurisdiction and regularity in judicial proceedings, the court say: "The presumption may well be indulged that the intelligent members of the bar will not elect any person who is disqualified to adjudicate their causes, and if there was the slightest reason why he should not act, some one of the numerous counsel herein would have discovered it. (State v. Hosmer, 85 Mo. 553; State v. Dodson, 72 Mo. 283; State v. Knight, 61 Mo. 373.] The point is overruled."

And so the presumption well may be indulged, especially under the express recital in the entry that the proceedings were according to law, that the requisite number of attorneys were in attendance as was also the successful candidate. Whether or not it would be indulged if the statutes were silent on the subject of the contents of the record entry is immaterial since section 3967, as we have said, expresses the legislative intention that the presumption of regularity shall obtain as to all facts not specially designated for inclusion in the record entry. The judgment is affirmed.

All concur.